**Herman Goebel, Plaintiff-Appellee, v. Benefit Trust Life Insurance Company, a Corporation, Defendant-Appellant.**

**Gen. No. 51,640.**

First District, Third Division.

November 9, 1967.

Rehearing denied December 7, 1967.

Donald C. Gancer, of Chicago, for appellant.

James T. Mullaney, of Chicago, for appellee.

MR. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from an order denying the section 72 petition of defendant, Benefit Trust Life Insurance Company, to vacate a default judgment in favor of plaintiff. The original complaint sought benefits allegedly due under certain hospital and medical expense policies issued by defendant to plaintiff. Defendant did not appear or answer prior to return day and, under the rule of the Circuit Court of Cook County relating to the Municipal Department, automatic default and judgment were entered.

The plaintiff, Herman Goebel, was insured through his employment under group hospital and group major medical expense insurance policies. Pursuant to conversion privileges provisions of the policies, plaintiff applied for individual policies. The group policies expired on January 27, 1965.

The conversion privilege provided that if one's employment is terminated he may, subject to the association's regular underwriting rules, convert to an individual coverage if written application is made within thirty-one days from the date of termination of employment.

Goebel applied for this conversion and filled out an application therefor. The form contained the following questions and answers:

"12. Have you or any of your family ever had any of the following: . . . Cancer, diabetes, epilepsy, venereal disease? No. . . .

. . . . . .

"15. Have you or any of your family received any medical or surgical advice or treatment or had any local or conditional disease WITHIN THE LAST FIVE YEARS? No."

The application was signed by Goebel and was dated January 22, 1965.

Benefit Trust, in reliance on the truthfulness of the information in the application, issued individual policies of insurance to Goebel. The policies provided benefits for sickness or disease contracted after the policy had been in force for a period of thirty days. On January 28, 1965, Goebel entered a hospital for tests and later underwent surgery and allegedly incurred expenses in the amount of twenty-seven hundred dollars ($2,700).

In an investigation of plaintiff's claim defendant discovered material false representations in the application which was attached to and made a part of the policies. The falsity was in the answers to the questions set forth above. Upon that discovery, Benefit Trust rescinded the individual policies, tendered to Goebel a refund of the premium paid, and denied his monetary claim.

On October 14, 1965, Goebel filed suit against Benefit Trust for the amount of the claim. Count I sought recovery under the group policies, and Count II relied upon the individual policies.

The summons issued showed service on defendant on November 6, 1965. On or about the same date the par-

ties' attorneys conferred by telephone and defendant's attorney told plaintiff's attorney that the case would be vigorously defended in court.

Defendant's copies of the summons and complaint were misfiled in defendant's attorney's office. The summons showed a return day of November 15, 1965, but, as a result of the misfiling, the appearance and answer were not filed until November 23rd. A copy of that answer was served on plaintiff's attorney.

On November 15th, under the rule of the Circuit Court of Cook County, relating to the Municipal Department, a judgment by default was entered in the amount of $2,700.

On January 13, 1966, defendant's attorney examined the file in the case and discovered that a judgment by default had been entered. On January 18th he filed a motion to vacate that judgment. On February 9th, plaintiff filed a motion to dismiss the motion to vacate. On February 16th defendant filed a petition to vacate under section 72 of the Civil Practice Act. (Ill Rev Stats 1965, c 110, par 72.) The original motion to vacate was withdrawn on March 22nd. The petition to vacate was amended twice after being stricken on plaintiff's motions to dismiss.

Plaintiff filed a motion to dismiss defendant's second amended petition to vacate and therein alleged that defendant and its attorney were negligent in failing to file a timely answer, that no valid defense was shown and that the petition was the same as the previous ones which were stricken.

On June 30th, defendant's second amended petition to vacate was denied. The court said that no good defense was set forth in the petition. Defendant appeals from that order.

Defendant contends on appeal that justice and fairness require the vacation of the default judgment because of;

(1) the circumstances surrounding the entry of the judgment; (2) the existence and showing of a meritorious defense to the action; (3) the showing of the exercise of reasonable diligence on the part of the defendant and its attorney; (4) the delay of more than thirty days by plaintiff in executing the judgment, and (5) the fact that plaintiff will not be prejudiced by a trial on the merits.

■ In determining the propriety of a denial of a section 72 petition to vacate we consider the surrounding circumstances and factors. The entry of the default was brought about by the Circuit Court of Cook County, Municipal Department, procedure. Due to the heavy caseload in that court it is a practice to automatically enter a default, and, if the damages are liquidated, a judgment thereon, if the appearance and answer have not been filed by the return day. This is an automatic procedure and does not even require an ex-parte prove up of plaintiff's case, or notice to the defaulted party. The practice is governed by General Order No. 2 of the Circuit Court of Cook County relating to the Municipal Department which reads in part:

> "a) In all contract, tort and distress for rent cases, the procedure shall be as follows:

> "1) On return day, in all cases where service has been had and no appearance filed, a default shall be entered. Judgment may be entered in all cases where the amount is liquidated and the statement of claim sworn to, upon the filing of a military affidavit whenever required by law."

■■ Defendant now seeks relief from that judgment by petition under section 72 of the Civil Practice Act. The purpose of such petition is to bring before the court matters of fact not in the record, which, if known at the time the judgment was entered, would have prevented the entry of the default. One such matter of fact is the exis-

tence of a valid defense which, without negligence on defendant's part, was not made, having been prevented by excusable mistake. Glenn v. People of the State of Illinois, 9 Ill2d 335, 137 NE2d 336.

Defendant here asserts that a good and meritorious defense to the cause of action existed. In the second amended petition to vacate, defendant stated that a valid defense on the merits was set forth in the attached affidavits. The affidavits alleged that the group policies had expired the day before plaintiff entered the hospital, and that because the sickness or diseases for which plaintiff claims benefits were contracted before the policy had been in force for thirty days there was no coverage under the terms of the individual policies. The provision was that benefits would be paid for sickness or disease contracted after the policies had been in force for thirty days. It was further alleged that plaintiff had made material false representations in his application for the individual policies. These alleged falsities were that plaintiff denied that he had or ever had cancer or diabetes whereas he was suffering from such at the time, and plaintiff stated that he had not had medical or surgical advice or treatment within the last five years whereas he had consulted with his doctor within a month prior to the application.

It is to be noted that plaintiff filed no answer to the petition to vacate nor counteraffidavits to those of defendant, but rather filed only a motion to dismiss. Therefore, the facts well pleaded in the petition to vacate must be admitted as true. (Glenn v. People of the State of Illinois, supra; Stehman v. Reichhold Chemicals, Inc., 57 Ill App2d 40, 206 NE2d 299; Elfman v. Evanston Bus Co., 27 Ill2d 609, 190 NE2d 348.) In our opinion the affidavits attached to the petition to vacate set forth sufficient facts to show a meritorious defense to the cause of action.

Defendant further claims that its failure to file a timely answer was indeed excusable mistake. It was a misfiling of the complaint and summons combined with the automatic default procedure of the Municipal Department which allowed the judgment. Defendant also points out that while he had no notice of the default until approximately two months after its rendition, plaintiff knew of it and yet failed to notify defendant. He points out that plaintiff was advised at the onset of the suit that defendant planned to vigorously defend the action in court and was served with a copy of the answer which was eight days late, and yet neither directly notified the defendant of the default nor took any steps toward execution of the judgment during the thirty day period within which defendant could more easily have had the default vacated.

Jansma Transp., Inc. v. Torino Baking Co., 27 Ill App2d 347, 169 NE2d 829, discussed the considerations in ruling on a petition to vacate and stated on page 355:

> "In arriving at our conclusions we have borne in mind the need for preserving the stability of judgments. On the other hand, the great increase in litigation in this country has placed such a burden on bailiffs and sheriffs that mistakes are bound to occur. It has also increased the number of defaults due to errors on the part of law clerks or lawyers. This has been evident in the large number of default cases which have come to us and to other courts of late. To mitigate that evil, cooperation within the profession is imperative."

Furthermore, while there is no affirmative duty on plaintiff to inform defendant of the default and no requirement that execution be sued out within thirty days, these are factors which cast a cloud on the case. Ellman v. De Ruiter, 412 Ill 285, 106 NE2d 350.

■ The lateness of the answer in this case was due to a misfiling, a clerical error, an excusable mistake, not a lack of diligence on the part of defendant or its attorney. Only a few days after counsel discovered the existence of the default judgment he took steps to have it vacated. In our opinion this was sufficient to show due diligence on the part of defendant and its attorney.

■ Another requisite condition for the setting aside of a default judgment is that a trial on the merits will not prejudice plaintiff or result in a hardship on him. Defendant's attorney, upon learning of the default judgment, took prompt action to bring the facts before the trial court and sought the vacation of the judgment. We believe this was not an unconscionable delay and a setting aside of the judgment will not prejudice plaintiff but will merely assure both parties a day in court for the fair determination of the merits of the case. Vosnos v. Wenzel, 44 Ill App2d 192, 194 NE2d 484.

We feel it was error for the trial court to deny defendant's petition to vacate. Accordingly, the order denying the petition to vacate the judgment is reversed and the cause is remanded, with directions to vacate the default judgment.

Order reversed and cause remanded with directions.

SCHWARTZ and DEMPSEY, JJ., concur.