WARREN MARKS, d/b/a UNIVERSAL ELECTRIC SERVICE, Plaintiff-Appellant, *v.* GORDON BURKE STEEL Co., Defendant,—(WALTER E. HELLER & Co., Defendant-Appellee.)

(No. 56783;

First District (5th Division)—August 3, 1973.

William T. Halvorsen, of Chicago, for appellant.

Greenberger, Krauss & Jacobs, Chartered, of Chicago, (Michael J. Freed and Jay S. Berlinsky, of counsel,) for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

This case arises from the entry of an order on September 23, 1971, vacating an ex parte judgment entered July 8, 1971, in favor of plaintiff and against defendant Walter E. Heller & Co. (Heller).* Prior to the vacatur, Heller presented a petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, par. 72), which plaintiff answered, and a full hearing was held. Plaintiff now contends that the trial court abused its discretion by allowing the petition and vacating the judgment when there was an insufficient showing of due diligence or of a meritorious defense.

Briefly, the facts are these: On July 13, 1970, plaintiff filed a complaint against defendants, Gordon Burke Steel Co. (Burke) and Heller, alleging that on February 13, 1968, Burke became indebted to plaintiff in the sum of $2,950.50 for material and labor sold, delivered and performed in the purchase and erection of a hoist. Some time later Heller was alleged by plaintiff to have taken over the operation of Burke's business, and agreed to assume and pay Burke's indebtedness for the hoist. Plaintiff demanded $2,950.50 plus costs and interest from February 20, 1968.

On July 20, 1970, Heller filed its appearance, which was followed, on August 14, 1970, by Heller's motion to dismiss the complaint. On October 15, 1970, the motion to dismiss was denied, Heller was given time to answer the complaint, and the case was set for trial on December 17, 1970. Heller's answer was filed November 4, 1970, and, at plaintiff's request, the trial was continued until January 22, 1971. A second continuance was requested by plaintiff and granted until March 17, 1971. On that date plaintiff again requested a continuance·and the case was set for April 30, 1971, at which time the judge was absent. Counsel for plaintiff was given a new trial date while counsel for defendant Heller waited nearby. According to counsel for Heller, when advised that the new trial date was July 8, 1971, he informed plaintiff's counsel that Heller's principal witness would be out of town on that day, thus necessitating a further rescheduling; that plaintiff's counsel agreed. Plaintiff's counsel denies he was told the July date was unacceptable, and denies agreeing to another continuance. On July 8, 1971, plaintiff

---

* The judgment of July 8, 1971, was also against Gordon Burke Steel Co., but that defendant took no action with regard thereto in the trial court, and has not appealed to this court.

appeared with counsel, called witnesses, submitted evidence, and was awarded judgment of $2,950.50 plus costs against both defendants. Counsel for Heller, allegedly believing plaintiff would ask for a further continuance, did not appear.

Plaintiff's counsel did not cause the issuance of an execution until five days beyond the 30-day period after entry of the ex-parte judgment. There is no indication in the record that the execution was ever served. On August 23, 1971, Heller filed a notice and motion to vacate the default judgment, with a supporting affidavit of one of its attorneys in which it was stated that there was an agreement that the case would not proceed to trial on July 8, 1971; that prior to that date, he tried to reach counsel for plaintiff to reconfirm the agreement for a continuance but his calls were not returned; that on July 8, 1971, he was away from his office and unable to attend court; that immediately after July 8, 1971, a clerk at his law firm was directed to examine the court file to determine the status of the case but the file was at all times unavailable until August 17, 1971, on which date he learned that an ex-parte judgment had been entered.

On September 10, 1971, plaintiff filed an answer opposing Heller's motion to vacate, and on September 23, 1971, the same judge who had entered the original judgment heard argument on the motion. In the course of the hearing, counsel for Heller advised the court that Heller had never "taken over the business of Gordon Burke"; that Heller had lent money to Burke secured by the latter's machinery, equipment, etc., that Burke defaulted on the loans and Heller enforced its creditor's rights under the Uniform Comercial Code through public foreclosure sales at which the property was bid for and acquired by Heller; that at no time did Heller ever promise to pay plaintiff for the machine which he had sold to Burke. The court vacated the ex parte judgment and this appeal followed.

Defendant's motion to vacate, filed 46 days after entry of judgment, although not titled such, was properly considered by the court to be a section 72 petition. Such a petition is in the nature of a new proceeding which addresses itself to the equitable powers of the court, and where, in the interest of justice and fairness, a default judgment has been entered under unfair, unjust, or unconscionable circumstances, that judgment will be vacated. (*Ellman v. De Ruiter*, 412 Ill. 285, 106 N.E.2d 350; *Elfman v. Evanston Bus Co.*, 27 Ill.2d 609, 613, 190 N.E.2d 348.) And only when the reviewing court is convinced that the trial court has abused its discretion will the judgment be reversed. *Calvo v. Wilson*, 59 Ill.App.2d 399, 405, 207 N.E.2d 496.

A defendant seeking to vacate an order of default under section

72 must present to the trial court a meritorious defense and a reasonable excuse for not having made a defense in due time. (*Kimbrough v. Sullivan,* 131 Ill.App.2d 313, 315, 266 N.E.2d 717.) Since proceedings under section 72 are by their nature separate from the original action, the required presentation of a meritorious defense is satisfied when facts are alleged "which, if known, would have prevented rendition of the judgment." (*Smith v. Pappas,* 112 Ill.App.2d 129, 133, 251 N.E.2d 390.) In the present case, quite similar to *Smith,* there was an alleged agreement not to proceed to trial on July 8, 1971. Had the fact of the agreement been known to the trial court on July 8, a default or ex parte judgment would not have been entered. In addition, counsel for Heller had at all times acted diligently in defense of his client with continuing indications of intention to contest the action. The affidavit in support of the section 72 petition explains that frequent calls were made to opposing counsel prior to the July 8 court date, but the calls were never returned. Thereafter, various attempts were made to retrieve the court file but it was always unavailable. Six days after discovering the ex parte judgment, defendant filed its motion to vacate. Thus, in its affidavit and at the hearing, counsel for defendant Heller has presented appropriate facts, shown due diligence, and adequately explained his failure to appear.

■■ When considering if the court was properly exercising its equitable powers and had not abused its discretion, it is important to note all the circumstances of the proceeding. Here, execution on the ex parte judgment was not sought until August 12, 1971, 35 days after entry of the judgment. Also, notice of the entry of judgment was never sent to Heller, even though counsel was known to plaintiff's counsel through numerous court appearances which had been made by Heller prior to July 8. In *Ellman v. De Ruiter,* 412 Ill. 285, 293, 106 N.E.2d 350, the court said:

> "While there is no duty on the attorney to notify defendant of the default judgments, fair dealing would require that he inform defendant of the defaults when the question arose instead of pursuing a course calculated to keep the defendant in ignorance until the time he could make a direct attack on the judgments had expired."

We believe the trial court acted properly and in the interest of fairness and justice when it vacated the ex parte judgment and ordered the case to proceed to trial on the merits. That order is affirmed.

Affirmed.

DRUCKER, P. J., and LORENZ, J., concur.