CHARLES GRESHAM, Plaintiff-Appellant, *v.* CLEON POOLE, Defendant-Appellee.

(No. 59695;

First District (1st Division)—May 6, 1974.

HALLETT, J., took no part.

Richard E. Server, of Chicago, for appellant.

No brief for appellee.

PER CURIAM:

Judgment by default was entered for Charles Gresham (plaintiff) against Cleon Poole (defendant) upon a complaint charging defendant with libel and malicious prosecution. Defendant's "Motion in the Nature of Writ of Error *Coram Nobis*" was sustained and the default judgment was vacated. Plaintiff appeals, contending that the trial court was in error in vacating the judgment; defendant has filed no appearance or brief on this appeal.

Failure to file a brief in conformance with court rules may result in pro forma reversal of the judgment. (*Algozino v. Police Board,* 111 Ill. App.2d 34, 249 N.E.2d 720; *Hardin v. Hardin,* 18 Ill.App.3d 69.) Where the circumstances of the case dictate, however, the better view is that the case should be disposed of on its merits. (*Daley v. Jack's Tivoli Liquor Lounge, Inc.,* 118 Ill.App.2d 264, 254 N.E.2d 814; *People v. Jones,* 8 Ill. App.3d 849, 291 N.E.2d 305.) The circumstances disclosed by the instant record warrant a consideration of the merits of this case.

Civil complaint was filed by plaintiff alleging that in August, 1972, he was a City of Chicago building inspector and that he had occasion to cite a building owned by defendant for certain code violations; that defendant caused plaintiff's arrest and swore out a criminal complaint against him charging him with bribery; that the criminal complaint was later dismissed for lack of probable cause; that the allegations of the criminal complaint were false; that plaintiff lost his employment and suffered other damages as a result of the filing of the criminal complaint; and that malice was the gist of the civil action. Defendant was served with a copy of the complaint both by mail and by service upon a proper member of his family, and appearances were filed on his behalf by two separate law firms within the following two months. On February 14, 1973, defendant was allowed 28 days to file his answer, to the civil complaint.

An order of default was entered upon plaintiff's motion on March 23, 1973, after notice was filed with a law firm not appearing of record in the case, although defendant conceded having had contact with that firm. On April 3, 1973, the defendant was personally served with a notice of motion for judgment upon the default order; judgment was entered on that date as to the issue of liability; and on April 10, 1973, judgment was entered in the amount of $25,000 after evidence was heard, the default judgment specifically reciting that malice was the gist of the action and that plaintiff sustained his burden as to the malicious prosecution count of the civil complaint.

Defendant was served with a citation to discover assets on May 14, 1973, for an appearance on May 18, 1973, in that regard. Defendant failed to appear on May 18, an order for defendant to show cause why he should not be held in contempt was thereupon entered, and the matter was continued into June; the May 18 order was returned "not found" and a special service at defendant's home address was returned "defendant has moved." On June 25, 1973, defendant appeared in open court; it was determined that he did in fact reside at the address named in the special service, and the matter was continued to July 16, 1973. On July 16, 1973, defendant again failed to appear in court and a second order was entered for him to show cause why he should not be held in contempt, which order was served upon defendant the following week. On August 3, 1973, defendant appeared in open court after a second citation had been issued in connection with a land trust allegedly controlled by defendant, and he was given leave to appear with counsel on August 8, 1973. On August 8, 1973, counsel who represented defendant in the instant proceedings below was allowed to file his appearance instanter.

On August 10, 1973, defendant filed the instant verified "Motion in the Nature of Writ of Error *Coram Nobis*" (hereinafter "petition"), which

was dated June 20, 1973. The petition alleged the facts relating to defendant's retaining his prior counsel, one of whom was still of record as counsel for defendant, and that none of his prior counsel had been served with notice of the default order or the judgment in that regard. The petition further alleged that defendant had a good and meritorious defense to the action, in the form of "privileged disclosures" to the parties involved in the criminal complaint; that had the court been aware of the foregoing facts, it would not have entered the default against defendant; that the court's lack of awareness of the foregoing was not due to defendant's negligence; that the court was not aware of the dealings between defendant and his previously retained counsel; and that defendant desired to retain his then current counsel to represent him in the matter. The petition which was not supported by affidavit, prayed that the default judgment be vacated and that a new trial be granted. Plaintiff filed an answer to the petition, alleging information that one of the firms representing the defendant did not in fact represent him, and that defendant was nonetheless personally served with notices and the like throughout the proceedings.

Hearing was held on the petition which disclosed the foregoing facts of record and during which the trial court stated its position that defendant was "lulled into security" by the actions of his previous counsel and that he deserved his day in court, although plaintiff and his counsel were put to much trouble in the proceedings. Defendant testified at the hearing under section 60 of the Civil Practice Act that he had retained and paid counsel to represent him in the civil action; that he did not recall receiving notices in that case, except for two unidentified letters; that he received a letter from his bank concerning the case; and that he did not know what was going on in the case. The petition was sustained, the default judgment was vacated, and plaintiff's counsel was denied orders for fees or security of the judgment pending the litigation.

■■ Section 72 of the Civil Practice Act presently governs actions in writ of error *coram nobis, inter alia,* and creates a single remedy for relief from judgments more than 30 days after entry. (Ill. Rev. Stat. 1973, ch. 110, par. 72.) The "Motion in the Nature of Writ of Error *Coram Nobis*" filed by defendant must therefore be treated as a petition for relief under section 72.

The instant petition fails to conform to the requirements for relief under section 72; it is defective on its face as well as in the substance of its allegations. Further, sufficient circumstances are neither alleged therein, nor appear of record to warrant the grant of the relief requested.

To have entitled defendant to relief under section 72 he must have demonstrated that he was diligent in presenting his petition to the court.

(*Bennett v. Gollant,* 127 Ill.App.2d 224, 262 N.E.2d 34.) Defendant failed to discharge that duty. Nothing appears as to when he first learned of the default judgment against him, nor do facts appear which could justify the lapse of 4 months from the time of entry of that judgment until the time the instant petition was filed. Further, the petition was dated June 20, 1973, and yet was not filed until August 10, 1973, and no explanation is advanced to account for that lapse of time. The record is unrefuted that defendant was served personally with multiple notices throughout the proceedings below, which belies his testimony that he was unaware of what had transpired in the case. It is settled that a litigant must follow his case and is not entitled to solely rely upon his counsel in that regard. (*Stewart v. Beegun,* 126 Ill.App.2d 129, 261 N.E.2d 495.) Finally, the instant petition is not supported by "affidavit or other appropriate showing as to matters not of record" as required by subsection (2) of section 72; defendant has failed to demonstrate in what manner he seasonably moved for the vacation of the default judgment against him.

■■ The petition filed below was patently defective; sufficient matters were not presented to the trial court upon which to have based a determination that defendant was entitled to the relief sought by that petition; and defendant had in fact been served with numerous notices and documents of the default and subsequent proceedings which raise a question as to the *bona fides* of his position that he was not negligent and acted with due diligence. The trial court improperly allowed the relief requested by the defendant. (*Elliot Construction Corp. v. Zahn,* 99 Ill.App.2d 112, 116, 241 N.E.2d 129.) Defendant's attitude toward the instant proceedings is further evidenced by his failure to file an appearance or brief on this appeal.

For these reasons, the judgment of the circuit court vacating the default judgment of April 10, 1973, theretofore entered for plaintiff and against defendant is reversed, and the cause is remanded with directions to reinstate the default judgment entered April 10, 1973, for plaintiff and against defendant.

Judgment reversed and cause remanded with directions.

HALLETT, J., took no part in the consideration or decision of this case.