DAN TAYLOR, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO, Defendant-Appellant.

(No. 60138;

First District (4th Division)—May 14, 1975.

*Rehearing denied June 11, 1975.*

Richard L. Curry, Corporation Counsel, of Chicago (Daniel Pascale and Marsile J. Hughes, Assistant Corporation Counsel, of counsel), for appellant.

Victor H. Goulding, of Chicago, for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Defendant appeals from an order of the Circuit Court of Cook County, entered December 19, 1973, setting aside a judgment by agreement in the amount of $2,000, entered against the City of Chicago on June 13, 1973. The order to vacate was based upon a petition filed by the plaintiff under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1973, ch. 110, par. 72.) Plaintiff's judgment was based upon the negligence of the City in maintaining its sidewalk which caused the plaintiff's injury.

The essential facts, taken from the entire record, show that Dan Taylor was injured while walking on a sidewalk controlled by the City of Chicago. He received treatment at Cook County Hospital. The admitting diagnosis, according to hospital records, was a medial and lateral meniscus, commonly known as a locked knee. An action for personal injury was filed by Taylor against the City of Chicago based, in part, on the aforementioned medical record. Plaintiff's attorney negotiated a settlement with the City of $2,000. The trial judge required a prove up of plaintiff's case, which included the medical records, in order to make sure that the settlement was fair and reasonable. Judgment was entered for plaintiff on June 13, 1973, in the amount of $2,000. On December 12, 1973, Dan Taylor, accompanied by his wife, went to his attorney and questioned the amount of the settlement. Plaintiff's attorney learned for the first time that Taylor's injury was much more serious than the admitting hospital's records had indicated. In the same year that the injury occurred, plaintiff had had his

leg removed at Englewood Memorial Hospital. Plaintiff had several prostheses fitted after the removal of his leg. Bills totalling $1,300 were supplied to plaintiff's attorney. Neither the trial judge nor plaintiff's attorney, at the time judgment was entered, had noticed any limp indicating plaintiff had lost his leg. The plaintiff had not been completely coherent by reason of his age in his communications with his attorney. Only when plaintiff's wife went to the attorney did the attorney know of the seriousness of the injury.

On December 14, 1973, the plaintiff, upon notice to the City, filed a section 72 petition, to set aside the judgment entered June 13, 1973. The City filed no motion or answer to the petition. On December 19, 1973, the trial court heard argument on the petition and entered an order vacating the judgment entered June 13, 1973. From this order, the City appeals.

■■ The City's first contention is that plaintiff having sold and assigned his judgment, had no right to petition to set aside the judgment. We find it unnecessary to decide the validity of this assertion for reasons best stated in *Fox v. Department of Revenue* (1966), 34 Ill.2d 358, 215 N.E.2d 271. In that case defendant contended that plaintiff was estopped from attacking the validity of an amended order by way of section 72 petition because he induced defendant to hold off on enforcement until the applicable limitations period had run. The Illinois Supreme Court, in response to this contention, stated at 34 Ill.2d 361-62, 215 N.E.2d 273:

> "It is evident that on this record there is no evidentiary basis upon which we can determine any question of estoppel, even if that doctrine is applicable in this kind of case. * * * [I]t is unnecessary to decide its application here, for it has not been properly put in issue. A petition of the present kind is the commencement of a new suit at law in which new issues are made up, and it is incumbent upon the defendant to plead to the petition in some manner and to support his defense by evidence or affidavit. (*Harris v. Chicago House Wrecking Co.*, 314 Ill. 500.) The defendant here has filed no answer and preserved nothing entitling it to review on a question of estoppel or any other defense undisclosed by the record. There is no finding or ruling on any such defense properly before this court." (34 Ill.2d 358, 361-62.)

Although the assignment in the instant case apparently was never completed, consideration never having passed between the plaintiff and his potential assignee, this court believes that the principle announced in Fox *cogently* disposes of the City's first contention.

The City's second contention is that plaintiff, in his section 72 petition, relied upon evidence which was known to him and should have been produced at the hearing which resulted in the judgment. The additional

evidence to which the City refers is, of course, the increased severity of plaintiff's injury which he did not communicate either to his attorney or to the trial court. Plaintiff, on the other hand, argues that this case falls within the defined limits of section 72.

■■ Section 72 of the Civil Practice Act provides a simple but comprehensive procedure whereby after 30 days a litigant may seek relief from a final judgment or order. Subsection (1) of the section is intended to make applicable to actions of every nature, the post-judgment relief formerly available under writs of error *coram nobis* and *coram vobis*, writs of *audita querela*, bills of review, and bills in the nature of bills of review. (*Brockmeyer v. Duncan* (1960), 18 Ill.2d 502, 165 N.E.2d 294.) The common-law writ of error *coram nobis* was used to bring to the attention of the court that entered the judgment, matters of fact not appearing of record, which, if known to the court, would have prevented it from rendering the judgment. (*Frandsen v. Anderson* (1969), 108 Ill.App.2d 194, 247 N.E.2d 183.) It was also necessary that the error of fact could not have been discovered by the party seeking its benefit through the exercise of reasonable diligence, or it related to a defense or claim which was not presented because of fraud, duress, or excusable mistake. *City of Chicago v. Roth* (1944), 322 Ill.App. 696, 54 N.E.2d 647 (abstract opinion).

The present section 72 incorporates these principles. Additionally, the courts have continually expanded the uses of statutory substitutes for the common-law writ. The limits under which relief may be granted pursuant to section 72 have not been precisely defined. The Illinois Supreme Court in *Ellman v. De Ruiter* (1952), 412 Ill. 285, 292, 106 N.E.2d 350, 353-54, stated:

> "[I]t is our belief that the motion may, under our present practice, be addressed to the equitable powers of the court, when the exercise of such power is necessary to prevent injustice."

A section 72 petition is addressed to the sound discretion of the trial court, and only when there is an abuse of discretion will a reviewing court interfere with the trial court's determination.

■■ This court believes that, under the facts presented to the trial court, plaintiff's section 72 petition was properly allowed. The trial court clearly indicated at the hearing on the petition that it would not have allowed judgment in the agreed amount of $2,000 to be entered if the court had known the severity of plaintiff's injury. Neither the trial judge nor the plaintiff's attorney, at the time judgment was entered, noticed any limp indicating the possible loss of plaintiff's leg. Plaintiff's counsel exercised reasonable diligence when he filed the section 72 petition immediately after learning from plaintiff's wife the seriousness of the injury. We do

not believe that plaintiff's counsel was under a duty, as asserted by the State, to have an independent medical examination of plaintiff where the admitting hospital's records indicated a relatively inconsequential injury. Additionally, plaintiff's inability to coherently communicate, because of advanced age, must be considered.

In *Fitschen v. Bellm Freight Lines, Inc.* (1971), 131 Ill.App.2d 757, 266 N.E.2d 740, two summons were served upon the president of the defendant corporation within 48 hours. The summons resulted from the filing of two separate lawsuits on the same day, both of which arose from the same factual setting. The captions of the suits were identical with the exception that an additional party plaintiff was listed in the first suit. The first summons was forwarded immediately to defendant's attorney; however, the president ignored the second summons, believing it to be a duplicate of the first. The court held that a section 72 petition to vacate the default was properly allowed by reason of the president's excusable mistake and under the equitable powers of the trial court. This court believes that an analogous factual situation is presented by the instant case; neither plaintiff's attorney nor the trial court was informed by plaintiff of the amputation of his leg. Although the *Fitschen* case involved the vacation of a default judgment, there is no sound analytical reason why the principles of *Fitschen* and its antecedents (*Elfman v. Evanston Bus Co.*, 27 Ill.2d 609, 190 N.E.2d 348; *Ellman v. De Ruiter* (1952), 412 Ill. 285, 106 N.E.2d 350) should be confined to cases where judgments have been obtained ex parte. A trial court has the power, when necessary to prevent injustice, to set aside a judgment pursuant to the provisions of section 72. *Ellman v. De Ruiter*, 412 Ill. 285, 106 N.E.2d 350; Davis, *The Scope of Section 72 of the Civil Practice Act*, 55 Ill. B.J. 820 (1967).

For the reasons stated, this court believes that the petition was properly granted and the order of the Circuit Court of Cook County is affirmed.

Order affirmed.

DIERINGER, P. J., and JOHNSON, J., concur.