*In re* ESTATE OF BARNEY M. POLLACK, Deceased.—(JACK POLLACK *et al.,* Respondents-Appellants, *v.* GERTRUDE POLLACK, Petitioner-Appellee.)

(No. 60331; ▮▮▮▮▮▮▮)

First District (4th Division)—May 14, 1975.

BURMAN, J., dissenting.

Elson, Lassers, and Wolff, of Chicago (Alex Elson, Aaron S. Wolff, and Daniel M. Winograd, of counsel), for appellants.

Paul I. Fleming, of Chicago, and Joseph N. Lascaro, of Wood Dale, for appellee.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order entered by the Circuit Court of Cook County denying respondents' motion to dismiss the petition to reopen the estate of Barney M. Pollack, deceased, pursuant to section 72 of the Civil Practice Act and section 308a of the Probate Act.

The issue presented on appeal is whether the trial court properly denied the respondents' motion to dismiss the petition to reopen the estate pursuant to section 72 of the Civil Practice Act and section 308a of the Probate Act.

Petitioner, Gertrude Pollack, is the surviving spouse of the decedent, Barney M. Pollack. Respondents, Jack Pollack and Billie Goldstein, are children of decedent by a previous marriage and were the executors of his estate. Petitioner married the decedent in August, 1967. On July 27, 1967, approximately 1 month prior to their marriage, decedent and petitioner executed an antenuptial agreement. The agreement provided, *inter alia*, that in consideration of their contemplated marriage, each party renounced all claims he or she possessed to any portion of the other's estate, no matter how created and under whatever law. Decedent died on May 10, 1971. His last will and testament was admitted to probate on July 1, 1971, and letters testamentary were issued to respondents. Subsequently, pursuant to notice of the executors, the petitioner filed her renunciation of the will. On October 28, 1971, an order was entered spreading the renunciation of record in the Circuit Court of Cook County. On

March 7, 1973, the first and final account of the respondents-executors was filed. Petitioner did not receive any notice of motion to present the final account and close the estate. The accounting submitted to the court showed no distribution of any portion of the estate to the petitioner. The court was not informed in writing of the antenuptial agreement entered into between petitioner and decedent, although the attorneys for the executors later claimed they told the judge orally about the agreement. An order was entered on the same day closing the estate, although the renunciation was spread of record.

On May 18, 1973, in a supplemental proceeding, petitioner filed a complaint to set aside the antenuptial agreement. When it appeared the complaint could not be heard because the estate had been closed, the petitioner on October 16, 1973, filed her petition to reopen the estate pursuant to section 72 of the Civil Practice Act and section 308a of the Probate Act. Respondents filed a motion to dismiss the petition. On January 29, 1974, the trial court denied respondents' motion to dismiss and allowed the petition to reopen the estate. Respondents' appeal followed.

The respondents first contend the petitioner's complaint to set aside the antenuptial agreement was a claim against the estate and had to be filed within 7 months of the issuance of letters testamentary. Respondents argue since petitioner failed to bring her cause of action within the required 7 months, she is forever barred from sharing in the assets of decedent's estate. In support of their contention, the respondents rely on section 204 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, § 204), which at the time of decedent's death provided:

> "All claims against the estate of a decedent, except expenses of administration and surviving spouse's or child's award, not filed within 7 months from the issuance of letters testamentary * * * are barred as to the estate which has been inventoried within 7 months from the issuance of letters."

■■ We do not agree with respondents' contention. Section 16 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, § 16) provides that upon the timely filing of a renunciation of will, a surviving spouse is entitled, as a matter of right, to share in the estate of the testator. Section 17 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, § 17) provided, at the time of decedent's death, that the surviving spouse must file his or her renunciation within 8 months after admission of the will to probate. The supreme court in *In re Estate of Donovan* (1951), 409 Ill. 195, 202, observed:

> "The purposes of sections 16 and 17 creating the right of a spouse to renounce the provisions of the will and setting forth the method for accomplishing renunciation is to enable a spouse to elect which method of taking would be most advantageous to him or her.

> * * * The rights of a surviving spouse who clearly renounces provisions of a will * * * become fixed by the statute and are not affected by claiming or omitting to claim any specific estate upon renunciation."

In the present case, petitioner properly filed her renunciation of the will within the time specified by the statute, and the same was spread of record pursuant to court order. Petitioner, thereupon, was entitled by statute to share in the assets of decedent's estate. Petitioner's interest in the estate was a statutory right, not a claim, and the rules pertaining to claims against an estate do not apply. Petitioner was not required to take any other affirmative action in order to protect her vested interest. Upon petitioner's renunciation of the will, it was the duty of the respondents, as executors, to defend the estate. They should have raised as a defense the antenuptial agreement entered into between petitioner and decedent, thereby presenting an issue for the trial court to determine. Respondents, however, did not inform the court of the antenuptial agreement either at the time of petitioner's renunciation of the will or during the probating of the estate until the time the final account was presented to the court and the estate closed. If the attorneys for the estate did orally advise the judge who closed the estate of the antenuptial agreement as opposed to the renunciation of the will, the judge was in error in not setting the matter for hearing on the merits. If the judge was not advised, it is still difficult to understand how he could overlook the renunciation spread of record, which gives the widow a vested interest in the estate. That was error.

■ Further, section 290 of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, § 290) provides that "[n]otice of the hearing on any account of an executor or administrator shall be given as the court directs to unpaid creditors and *to every person entitled to a share of the estate who has not received that share in full.*" (Emphasis added.) A review of the record indicates neither petitioner nor her attorney of record received any notice of motion to present a final account and close the estate. Respondents therefore failed to properly execute their duties as executors, as did their attorneys. They unilaterally determined the renunciation of the will filed by petitioner and spread of record was of no force and effect and had no legal significance relative to decedent's will. The conduct by attorneys in not serving notice on counsel of record is not warranted and cannot be condoned.

Respondents next contend the trial court erred in denying their motion to dismiss the petition to reopen decedent's estate pursuant to section 72 of the Civil Practice Act and section 308a of the Probate Act. Respondents maintain the petitioner failed to allege a meritorious claim and did not

exercise due diligence in presenting her petition to reopen the estate, thereby not satisfying the requirements of section 72 of the Civil Practice Act (Ill. Rev. Stat. 1971, ch. 110, § 72). We have held above that this was not a claim against the estate. The respondents further argue that petitioner failed to meet the requirements of section 308a of the Probate Act (Ill. Rev. Stat. 1971, ch. 3, § 308a), which provides that a decedent's estate may be reopened "to permit the administration of a newly discovered asset *or of an unsettled portion of the estate on the verified petition of any interested person.*" (Emphasis added.)

■■ We believe the trial court properly denied the respondents' motion to dismiss the petition to reopen the decedent's estate. A petition under section 72 of the Civil Practice Act is the filing of a new action and it is necessary as in any civil case that the petitioner allege and prove a right to the relief sought. (*Union Oil Co. v. Lang* (1971), 132 Ill.App.2d 658.) The petition must show that the petitioner has acted with due diligence and has a meritorious cause. (*Burkitt v. Downey* (1968), 102 Ill.App.2d 373.) A review of the record in the case at bar shows petitioner acted with due diligence and established a meritorious cause, namely, a vested interest, thereby satisfying the requirements of section 72. Respondents' contention that petitioner failed to satisfy the requirements of section 308a of the Probate Act is likewise without merit. Petitioner, as the surviving spouse of decedent, was entitled by statute to share in the assets of his estate upon her renunciation of the will and was, therefore, an "interested person" as provided in section 308a. Since no distribution of any portion of the estate had been made to petitioner, she properly filed her petition to require the administration of an unsettled portion of the estate, which only the court can determine.

A hearing must be held on the merits as to whether the antenuptial agreement was valid, was still in full force and effect and a bar to the renunciation of the will.

For the reasons stated herein, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

JOHNSON, J., concurs.

Mr. JUSTICE BURMAN, dissenting:

On July 27, 1967, approximately 1 month prior to their marriage, decedent and petitioner entered into an antenuptial agreement whereby each disclaimed any interest in the property of the other that might otherwise arise out of their contemplated marriage. The agreement recited that petitioner was a widow for 20 years and had two sons by a

prior marriage, both of whom were then adults. It further stated that she owned a residence at 9721 Hoxie Avenue in Chicago and had a civil service pension, income from Social Security and other income and savings. With regard to the deceased the agreement recited that he was a widower for many years and had a son and a daughter by a prior marriage, both of whom were then adults. It additionally stated that he also had income from Social Security and from investments having a market value of approximately $100,000 to $150,000.

Both parties expressed a desire therein to disclaim any interest that each might otherwise acquire in the property of the other, without regard to the size of their respective estates of their respective interests. Accordingly, they executed reciprocal provisions whereby each waived any claim (including dower, statutory interest or otherwise) in the property of the other. The agreement provided that each could make gifts during his lifetime or by will and could devise and bequeath his estate in accordance with his wishes without regard to any claim by the other. All such claims to any portion of the estate, no matter how created and under whatever law, were specifically renounced.

The record discloses that both the petitioner and decedent had at one time filed actions for divorce. No children were born of their marriage. During the marriage, they filed joint income tax returns.

Shortly after the decedent's death, petitioner executed a waiver of notice on proof of the will and a consent to proof of the will by affidavit. The will was admitted to probate and Letters Testamentary were issued to the decedent's children, Jack Pollack and Billie Goldstein. Notice to persons holding claims against the estate was published during 3 successive weeks following the issuance of the letters. The sole action taken by petitioner was to file a renunciation of the will.

On March 7, 1973, the executors filed their first and final account. On that day the estate was closed by order of the court, the executors were discharged, and their bond was cancelled. On May 18, 1973, more than 2 months after the estate was closed, petitioner filed a complaint to set aside the antenuptial agreement in a supplemental proceeding. The respondents-executors filed a motion to dismiss on the grounds that the claim was barred by section 204 of the Probate Act since it was filed more than 7 months after the issuance of Letters Testamentary, and that supplemental proceedings could not be instituted since more than 30 days had passed since the entry of a final order closing the estate. On October 16, 1973, petitioner filed a second petition to reopen the estate alleging therein that she was entitled to relief under section 72 of the Civil Practice Act and section 308a of the Probate Act. Respondents' motion to dismiss was denied, and this appeal followed.

Under usual circumstances, the renunciation of a will grants the surviving spouse a statutory right to share in the estate of the testator. But it does not necessarily follow, as the majority would suggest, that the mere filing of a renunciation constitutes sufficient affirmative action in all cases. To so hold would ignore a comprehensive view of the Probate Act as well as case law to the contrary.

As the majority states, compliance with sections 16 and 17 of the Probate Act entitles the surviving spouse, as a matter of right, to a share in the estate of the testator. This statement, however, is subject to a well-established exception. It is long settled in Illinois that the parties may validly contract by antenuptial agreement to exclude the operation of the statute and waive outright any such interest in the property of the other. Thus, while the law fixes the rights of each spouse, it does so only in the absence of a mutual agreement to the contrary. (*Geiger v. Merle,* 360 Ill. 497.) Where such is the case, the surviving spouse has no enforceable claim to the assets of the estate upon renunciation.

There is an obvious necessity for the prompt, equitable and final distribution of estate assets among interested persons. Toward this end the Probate Act appropriately requires that those persons affirmatively and promptly exhibit their alleged interest. Section 192 of the Act provides in relevant part that:

> "A claim against the estate of a decedent * * * whether based on contract, tort or otherwise may be filed in the proceeding for the administration of the estate." (Ill. Rev. Stat. 1971, ch. 3, par. 192.)

Section 204 of the Act further recites that:

> "All claims against the estate of a decedent * * * not filed within 7 months from the issuance of letters testamentary or of administration, are barred as to the estate which has been inventoried within 7 months from the issuance of letters." (Ill. Rev. Stat. 1971, ch. 3, par. 204.)

Thus, in order to share in the assets of the estate, one must not only assert his claim, but also do so in a timely fashion. The question remains, what constitutes a claim within the meaning of the Probate Act.

Section 2(j) of the Act states that a " 'Claim' includes any cause of action." (Ill. Rev. Stat. 1971, ch. 3, par. 2(j).) Can it seriously be contended that an action to set aside an antenuptial agreement is not a cause of action? I think not. The inevitable conclusion is that petitioner in the case at bar possessed a claim, and it can hardly be said that she was not required to take some affirmative action during the probate proceedings to assert it against the estate.

The record reveals that petitioner was represented by counsel and filed

various documents in the probate proceedings including a waiver of notice on proof of the will, a consent to proof of the will by affidavit, and a renunciation. Prior to the close of the estate, petitioner made no mention of any intention on her part to contest the antenuptial agreement. It would be a strain of interpretation to designate her renunciation of the will as an action to set aside the antenuptial agreement, particularly when there is no mention of it therein. Petitioner obviously had knowledge of all proceedings in the Probate Division, and yet she permitted the estate to be closed without objection. Nor did she assert that she was under any disability which prevented her from duly filing a claim. Under the attendant circumstances respondents and their attorney had a right to rely on the antenuptial agreement and had no duty to advise the court of it. The law is clear that a personal representative's knowledge of a claim against the estate does not take the case out of the statutory requirement that the claim be exhibited in court. An administrator or executor is under no duty to file claims on behalf of those who possess them. *In re Estate of Grant,* 300 Ill.App. 179, 20 N.E.2d 817.

The majority would attempt to circumvent this rationale by asserting that petitioner's interest in the estate was a statutory right and not a claim. Accordingly, the majority holds that the court erred in closing the estate because a renunciation of the will was in the file. But such lofty impact cannot accompany the mere filing of a renunciation in this case. Such logic avoids the fact that petitioner executed a written waiver of this right, and that no such right existed until the agreement was otherwise proven to be invalid. Again, in view of the antenuptial agreement, petitioner possessed nothing more than a claim to assets of the estate. Section 204 is precisely worded and exempts from its application only expenses of administration and surviving spouse's and child's award. The majority has now added to this list, claims asserting the invalidity of an antenuptial agreement. Our legislature has made no such exception and nor shall I. The will was duly admitted to probate without objection by petitioner, and although she participated in the proceedings, she allowed the estate to be closed without asserting her claim. In my opinion, she is now barred from sharing in the assets of the estate by her untimely action.

In *Ilg v. Continental Illinois National Bank & Trust Co.,* 94 Ill.App.2d 143, 236 N.E.2d 316, plaintiff filed an action for declaratory judgment to establish the validity of an assignment of a 25% interest in a real estate lease. The entire lease was inventoried as an asset of the estate. Defendant moved for a judgment on the pleadings alleging therein that plaintiff's cause of action was in reality a claim against the assets of the estate inventoried within nine months after Letters Testamentary had issued and was not filed within the time prescribed for the filing of claims. His mo-

tion was upheld, and the appellate court affirmed, holding that the claim was barred by statute. The court stated on page 148:

> "Once such asset has been inventoried in an estate, the burden then devolves upon the party who likewise claims title to or an interest in the asset to take such necessary and timely steps to preserve whatever interest he may have therein."

The court further explained on page 151 that "the fact that defendant had knowledge of the assignment prior to its filing of the inventory did not place upon defendant the burden of initially 'repudiating' or 'challenging' the potential claim, as plaintiff's argument implies. *As stated above, the burden was upon plaintiff to take the timely and necessary steps* to perfect his claim to the property and exhibit the claim *before the court * * *.*" (Emphasis supplied.)

In *Messenger v. Rutherford*, 80 Ill.App.2d 25, 225 N.E.2d 94, the executors of an estate sued defendant on an account stated arising out of oil well contracts. The defendant counterclaimed for an overcharge relating to drilling expenses incurred under those same contracts. He alleged that the limitation of section 204 was tolled because the deceased fraudulently withheld important facts from him which, if known to him, would have induced him to act during the deceased's lifetime or within the 9-month period provided in section 204. The trial court dismissed the counterclaim and we affirmed. We pointed out that the time limitation for the filing of claims was a specific act for the particular purpose of facilitating the early settlement of estates. We held that since the claim was not filed within the time fixed by statute, the right to participate in the distribution of estate assets actually inventoried or accounted for was lost.

I disagree with the majority that the failure of the attorneys for the estate to serve notice on petitioner's counsel before closing the estate was not warranted and not to be condoned. Section 290 of the Probate Act provides:

> "Notice of the hearing on any account of an executor or administrator shall be given * * * to every person *entitled to a share of the estate who has not received that share in full.*" (Emphasis supplied.) (Ill. Rev. Stat. 1971, ch. 3, par. 290.)

Under these circumstances, counsel for the estate had a right to rely on the antenuptial agreement; and while the better practice may have been to serve notice, such conduct was not required by law.

The crux of the controversy is that although petitioner was represented by counsel at the opening of the estate, no action was taken to set aside the antenuptial agreement within 7 months after the issuance of letters testamentary. The action was therefore filed too late. The mere filing of

a renunciation of the will without any attempt to set aside the antenuptial agreement cannot be construed as making her an "interested person" as provided in section 308a.