AUDREY REICH, Plaintiff-Appellee, *v.* NANCY BREED, Defendant-Appellant.

First District (1st Division)    No. 78-319

Opinion filed April 2, 1979.

Coghlan, Joyce and Nellis, of Chicago (James L. Coghlan and Randall Spencer, of counsel), for appellant.

Jeffrey Schulman and Eric R. Romer, both of Chicago, for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Defendant, Nancy Breed, appeals from an order of the circuit court of Cook County entered on December 19, 1977, which granted plaintiff's, Audrey Reich's, petition under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) In granting plaintiff's petition, the circuit court vacated an order entered on November 9, 1977, dismissing the case for want of prosecution and reinstated plaintiff's cause of action.

The relevant facts as set forth in plaintiff's section 72 petition and in the common law record are as follows: This controversy arose out of an alleged breach of an apartment lease agreement. On April 30, 1974, plaintiff filed suit in the circuit court of Cook County alleging that defendant vacated the premises and refused to pay rent in violation of a lease agreement. The complaint further alleged that defendant wilfully, maliciously and/or negligently caused excessive wear and tear which destroyed and caused damage to plaintiff's premises. On May 20, 1974, defendant filed her appearance, jury demand, answer and affirmative defense. Plaintiff filed a reply to defendant's affirmative defense. Several pretrial conferences were held without attaining a settlement and on March 3, 1977, the case was assigned a trial number and placed on the daily call.

On September 27, 1977, the trial court entered an order of dismissal for want of prosecution because plaintiff failed to appear for trial. Plaintiff filed a motion to vacate the dismissal order pursuant to section 50(5) of the Civil Practice Act. (Ill. Rev. Stat. 1977, ch. 110, par. 50(5).) The motion alleged that on May 6, 1977, this cause was assigned a trial number, but that subsequent to that date the trial call was changed due to a change of judges. It was further alleged that plaintiff's attorney retains Law Clerk, Inc., to apprise him of the trial dates of his cases. Law Clerk, Inc., failed to advise plaintiff's counsel that this cause was set to proceed to trial.

On October 26, 1977, plaintiff's section 50 motion was granted and her cause reinstated and set for trial. On November 9, 1977, defendant filed a motion to vacate the October 26, 1977, order, alleging that it was obtained without proper notice. This motion was supported by the affidavit of Randall Spencer, one of defendant's attorneys. In substance, Spencer's affidavit states that the notice of plaintiff's section 50 motion listed October 21, 1977, at 2 p.m. as the time the motion would be heard. Defendant never received subsequent notice that plaintiff's motion would be heard at a different time.

Affiant further stated that on October 21, 1977, at 2 p.m., he appeared to contest the motion, but the clerk of the courtroom advised him that no motion in this cause was set for that date and time. Spencer searched the motion book for that date and confirmed the clerk's statement. Neither defendant nor her attorneys appeared on October 26, 1977, to contest plaintiff's motion because they had no notice of that date. On October 31, 1977, affiant first discovered from the court file that the dismissal for want of prosecution had been vacated on October 26, 1977. Under these facts, the circuit court found there was improper notice, vacated its order of October 26, 1977, and reinstated its order of dismissal.

Plaintiff next filed a verified petition pursuant to section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72), again seeking to vacate the order dismissing her cause for want of prosecution. Plaintiff realleged the facts set forth in her section 50 motion. Additionally, plaintiff stated she presented her section 50 motion on October 26, 1977, within the 30-day term period, and that the motion was granted by the circuit court even though the accompanying notice of motion inaccurately listed October 21, 1977, as the motion hearing date.

Plaintiff's petition further alleged that the notice of motion showed a hearing date of October 21, 1977, rather than October 26, 1977, due to a clerical error. This allegation was supported by the affidavit of Susan Maloberti, law clerk for plaintiff's attorney. Affiant stated that she mistakenly typed the incorrect October 21 date on the notice of motion, but set the motion and marked it in the attorney's diary for October 26, 1977.

Defendant filed a motion to strike and dismiss plaintiff's section 72 petition, contending that plaintiff's petition was insufficient as a matter of law. On December 19, 1977, the trial court heard arguments on plaintiff's petition and defendant's motion to dismiss. The circuit court granted plaintiff's petition and reinstated her cause. Defendant appeals, reasserting her contention that the section 72 petition was legally insufficient.

Defendant asserts that the allegations made in plaintiff's section 72 petition are insufficient because the failure of a litigant to follow her case and delegation of this responsibility to Law Clerk, Inc., constitute negligence as a matter of law. We find the petition is legally sufficient and affirm.

■■ Section 72 provides a simple remedy by petition for obtaining various forms of post-trial relief after 30 days from the entry of a final order, judgment or decree. (*David Plywood & Lumber Co. v. Sloan* (1977), 52 Ill. App. 3d 71, 367 N.E.2d 101.) A section 72 petition is not a substitute for appeal, but constitutes a new action. As in any civil case, petitioner must plead and prove facts sufficient to justify relief. Where the petition fails to state a cause of action or show on its face that petitioner is entitled to the requested relief, it is subject to a motion to dismiss. *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294; *In re Estate of Pollack* (1975), 28 Ill. App. 3d 987, 329 N.E.2d 553.

■■ By filing her motion to strike and dismiss plaintiff's section 72 petition in the trial court, defendant admitted all well pleaded factual allegations. (*Storm v. Ben-Lee Motor Service Co.* (1973), 11 Ill. App. 3d 516, 298 N.E.2d 315.) Consequently, the only issue upon appeal is whether the petition meets the test of legal sufficiency: due diligence or excusable

mistake, as well as a meritorious cause must be alleged for a section 72 petition to stand against a motion to dismiss. (*Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116; *Marks v. Gordon Burke Steel Co.* (1973), 14 Ill. App. 3d 191, 301 N.E.2d 835.) Moreover, petitioner must allege facts not appearing of record which, if known to the trial court at the time judgment was rendered, would have precluded its rendition. *Taylor v. City of Chicago* (1975), 28 Ill. App. 3d 962, 329 N.E.2d 506; *Lacey v. Lacey* (1974), 24 Ill. App. 3d 776, 321 N.E.2d 524.

■■ It is clear that if plaintiff's mistakes which resulted in the dismissal of her cause constitute negligence, section 72 relief will not lie. (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 467, 236 N.E.2d 719, 720.)

> "* * * [A] party may not avail himself of the remedy provided by section 72 'unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. [Citations.] Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence.' * * *"

However, if petitioner has alleged facts that constitute an excusable mistake, the petition will survive a motion to dismiss. *Fitschen v. Bellm Freight Lines, Inc.* (1971), 131 Ill. App. 2d 757, 266 N.E.2d 740.

In contending that plaintiff is negligent as a matter of law, defendant relies upon a line of cases holding that a litigant has a duty to follow his case. (See, *e.g., Esczuk v. Chicago Transit Authority; Carroll & Neiman, Inc. v. Silverman* (1975), 28 Ill. App. 3d 289, 328 N.E.2d 205; *Gresham v. Poole* (1974), 19 Ill. App. 3d 958, 312 N.E.2d 668.) She argues that under this rule plaintiff's attorney's retention of Law Clerk, Inc., to monitor this case and the resultant failure to appear for trial constitute negligence as a matter of law.

■■ A litigant is held accountable for the negligence of his counsel* (*Danforth v. Checker Taxi Co.* (1969), 114 Ill. App. 2d 471, 253 N.E.2d 114), but what constitutes negligence is generally a question of fact. (*Ciampa v. Salvaggione* (1974), 20 Ill. App. 3d 47, 312 N.E.2d 677 (abstract).) Inadvertence of counsel should not necessarily excuse a default, nor, on the other hand, bar its vacation. *Mieszkowski v. Norville* (1965), 61 Ill. App. 2d 289, 209 N.E.2d 358.

Accordingly, we are reluctant to hold the allegations of plaintiff's petition concerning the reasons she failed to appear for trial must constitute negligence as a matter of law. However, we need not decide this case on the narrow issue framed by defendant. Broader consideration

---

* Additionally, although negligence of an attorney's clerk is also imputed to the client, a clerk's mistake will not preclude section 72 relief if a reasonable excuse is also presented. *Orient Manufacturing Co. v. Channell* (1918), 209 Ill. App. 438 (abstract).

is necessary because the proper exercise of section 72 powers required the trial court to view all the circumstances set forth in the petition. (*Smith v. Lehn & Fink Products Corp.* (1977), 46 Ill. App. 3d 1002, 361 N.E.2d 661; *Marks v. Gordon Burke Steel Co.* (1973), 14 Ill. App. 3d 191, 301 N.E.2d 835.) Defendant fails to consider those allegations of plaintiff's petition relating to a clerk's clerical error in typing an inaccurate date on a notice of motion. Were it not for this error, plaintiff's cause would have been reinstated pursuant to her section 50 motion.

Plaintiff's verified petition, supported by the affidavit of the law clerk who made the typographical error, alleged that plaintiff filed a timely section 50 motion to vacate the order of dismissal for want of prosecution. The notice of motion inaccurately listed October 21, 1977, as the date of the motion. The motion and notice of motion were presented to the trial court on October 26, 1977, and because the trial court did not notice the discrepancy concerning the dates, the motion was granted.

■ Moreover, it is clear from the record before us that counsel for defendant appeared to contest the section 50 motion on October 21, 1977, pursuant to the inaccurate notice of motion. When he discovered the motion was not set for that date, he neither checked other dates in the motion book nor telephoned plaintiff's counsel to determine why the motion was not presented at that time. Instead, after the 30-day grace period from the dismissal on September 27, 1977, had expired, defendant filed a motion to vacate the circuit court's order granting plaintiff's section 50 motion and reinstating her cause. Because a section 72 petition is addressed to the equitable powers of the court (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348), we believe defendant's attorney's conduct could properly have been considered by the trial court. See *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 313 N.E.2d 684.

Had the trial court noticed the discrepancy in dates or if defendant's counsel had telephoned plaintiff's counsel when he discovered the motion noticed for October 21, 1977, was not set for that date, plaintiff could have reset the section 50 motion before the 30-day period expired. In our opinion, these facts, coupled with the circumstances surrounding plaintiff's failure to appear for trial, if known to the trial court at the time judgment was rendered, would have precluded dismissal. *Taylor v. City of Chicago* (1975), 28 Ill. App. 3d 962, 329 N.E.2d 506.

■■ Plaintiff met the test of due diligence by timely filing of her section 50 motion and section 72 petition in efforts to reinstate her cause. Modern cases only require that the trial court achieve a just result and that it is reasonable under the circumstances to compel the other party to go to trial on the merits. (*Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116.) Plaintiff has alleged a meritorious cause and we fail to see

how the defendant would be prejudiced by the circuit court's vacature. See *Goebel v. Benefit Trust Life Insurance Co.* (1967), 88 Ill. App. 2d 19, 27, 232 N.E.2d 211.

Under these facts, we cannot say that as a matter of law plaintiff's shortcomings constitute negligence rather than excusable mistake. Accordingly, the order of the circuit court of Cook County vacating its order of dismissal and setting the cause for trial is affirmed.

Affirmed.

GOLDBERG, P. J., and CAMPBELL, J., concur.