(No. 29916.—
CHARLES A. GREENE, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed May 22, 1947.*

CHARLES A. GREENE, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and ROY P. HULL, State's Attorney, of Peoria, (C. E. McNEMAR, of Peoria, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

On September 18, 1946, Charles A. Greene filed his motion, pursuant to section 72 of the Civil Practice Act, in the circuit court of Peoria county to set aside the judgment of conviction of murder entered against him on February 25, 1931, and to obtain a new trial. Notice of filing the motion was served upon the State's Attorney of the county. Greene's motion alleges that he pleaded guilty to the charge of murder and was sentenced to the penitentiary for life; that his plea was induced by the duress, trickery, deceit, intimidation and misrepresentations on the part of the "prosecuting officials" of the State; that their actions deprived him of a defense which would have prevented

the rendition of the judgment; that he is advised their actions induced·the trial court to misuse and abuse its powers; that he first became aware of the wrongs done to him by acts of the "prosecuting officials" long after the five-years' limitation period prescribed by section 72 of the Civil Practice Act had expired but that he was denied all access to legal knowledge until after January 1, 1943, and that, had he been aware of the consequences of the acts of the "prosecuting officials" prior to the day·named, he would not have been permitted to make them known to the circuit court because he was a pauper and the rules of the penitentiary, prior to January 1, 1943, did not permit paupers to seek relief in their own proper person. Greene asked that the time from the date of the rendition of the judgment on February 25, 1931, until January 1, 1943, be excluded from the computation of the five-years' limitation period ordained by section 72 of the Civil Practice Act because of the duress imposed in his place of confinement; that his motion be allowed *instanter* and the People required to produce him before the court on a certain future date so he might make manifest the injustice of the judgment against him, and that the trial court then and there order a new trial of the cause. The motion was supported by what is captioned a "Statement of the Facts" concerning the crime, Greene's detention, the trial and the subsequent duress alleged to have been imposed in his place of confinement and, also, "Suggestions of Considerations of Law." His motion seeking permission to prosecute his cause as a poor person, supported by an affidavit *in forma pauperis*, was allowed.

Although the jurisdiction of the circuit court of Peoria county was invoked under the authority of section 72 of the Civil Practice Act, and service of Greene's motion was made upon the State's Attorney of the county, representing the People, the court did not require, and the People did not interpose, any pleading challenging the sufficiency of

the motion. On the same day Greene filed his motion, namely, September 18, 1946, a judgment order was entered. So far as relevant, the judgment reads: "Now this cause coming on to be heard on Petition of Petitioner to set aside Judgment and for a New Trial and for Writ of Habeas Corpus Court having read this petition and being fully advised in the premises doth deny said Petition for want of jurisdiction of the Court as to relief asking for new trial and insufficiency of petition in prayer for Writ of Habeas Corpus. It is further ordered by the Court that leave be granted to said above named Petitioner Charles A. Greene to withdraw original petition filed herein from the files."

The certificate of the clerk of the circuit court of Peoria county recites that the copy of "a certain PETITION FOR WRIT OF HABEAS CORPUS filed on the 18th day of September A.D. 1946, RECORD PROCEEDINGS had and entered of Record on the 18th day of September A.D. 1946 * * *," contained in the common-law record filed in this court, has been compared with the original record and files in his office, and "I have found the same to be a correct transcript therefrom."

From the judgment order it affirmatively appears that the trial court treated Greene's motion as an application for *habeas corpus*. The judgment order specifically so states. The words "Writ of *Habeas Corpus*" appear twice in the judgment and the order concludes, as in many orders denying petitions for *habeas corpus,* that the petitioner be allowed to withdraw his original petition from the files. Greene's motion is in the nature of a writ of error *coram nobis,* is properly captioned, and was filed as a motion under section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1945, chap. 110, par. 196.) The statutory substitute for the common-law writ of error *coram nobis* is an appropriate remedy in criminal cases. (*People* v. *Touhy, ante,* p. 19.) This being so, its legal sufficiency should have

been tested according to firmly established rules. In *People* v. *Crooks,* 326 Ill. 266, this court said: "The sufficiency of the motion, which is regarded as a declaration in a writ of error *coram nobis,* or a motion under the statute, must be raised by demurrer, plea of *nullo est erratum,* by motion to dismiss, by pleading special matter in confession and avoidance, or by making an issue of fact by traversing the declaration. [Citations.] In this State the issue of fact may be made, and is generally made, by affidavits in support of the motion and by counter-affidavits denying the facts set up in the motion and affidavits in support thereof, in which case the burden of proof is upon the party making the motion to prove his facts alleged by a preponderance of the evidence. [Citations.] The denial of the People in a criminal case is in the nature of a plea traversing the allegations of the motion or declaration of the accused."

The circuit court's disposition of Greene's motion in the nature of a writ of error *coram nobis* upon the erroneous assumption that it was a petition for *habeas corpus* cannot stand. A determination by this court of the legal sufficiency of the petition would, under the extraordinary conditions of the record in this cause, be a decision upon the merits in the first instance. Nor can we indulge in speculation that the order denying Greene's motion rested upon the ground that the five-year period of limitation contained in section 72 of the Civil Practice Act is a bar to his application for relief since the section provides for tolling the period of limitation when the person entitled to make the motion is an infant, *non compos mentis* or under duress, at the time of passing judgment. *People* v. *Touhy, ante,* p. 19, and *People* v. *Rave,* 392 Ill. 435, may well be decisive of the present cause but Green is, nevertheless, entitled to the benefits attaching to orderly and correct procedure in deciding whether his motion, properly treated

as a motion in the nature of a writ of error *coram nobis,* should be allowed or denied.

The judgment of the circuit court of Peoria county is reversed and the cause is remanded, with directions to proceed in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*