(No. 30693.—

CHARLES A. GREENE, Appellant, *vs.* THE PEOPLE OF THE STATE OF ILLINOIS, Appellee.

*Opinion filed January 19, 1949.*

CHARLES A. GREENE, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and ROY P. HULL, State's Attorney, of Peoria, (C. E. McNEMAR, of Peoria, of counsel,) for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

On September 18, 1946, Charles A. Greene, hereinafter referred to as the defendant, filed, in the circuit court of Peoria County, a motion in the nature of a writ of error *coram nobis,* to set aside a judgment entered February 25, 1931, on his plea of guilty to the crime of murder. The circuit court misconceived the nature of the proceeding, heard the matter *ex parte,* and dismissed the motion. On appeal this court found that the defendant had properly invoked the jurisdiction of the circuit court under authority of section 72 of the Civil Practice Act. (Ill. Rev. Stat. 1945, chap. 110, par. 196.) We reversed the judgment and remanded the cause with directions to the circuit court to proceed in accordance with the accepted practice in such cases. (*Greene* v. *People,* 397 Ill. 137.) The cause was redocketed in the circuit court and an issue of fact was presented when the State's Attorney filed a verified answer traversing each of the material averments of fact contained in the motion. The People also interposed an affirmative

defense that the motion was barred by the five-years' limitation provided in section 72 of the Civil Practice Act. After a hearing, the court denied the relief asked by defendant and dismissed his motion. This second appeal followed.

In a criminal case proceedings for writ of error *coram nobis* are civil in nature, and the burden is upon the accused to prove his allegations by a preponderance of the evidence. (*People* v. *Crooks,* 326 Ill. 266.) As we pointed out in the *Crooks case,* the real question to be determined, where an issue of fact has been presented, is whether or not the defendant has by the greater weight of the evidence proved that there were such errors of fact committed in the trial as were set up in his motion and in his supporting affidavits.

In his motion and affidavit, the defendant asserted that the deceased accidentally shot himself while examining defendant's pistol. He charged that his confession of the murder of the deceased was obtained under duress; that his plea of guilty was induced by duress, trickery, deceit, intimidation and misrepresentation on the part of the prosecuting officials; and that the action of such officers deprived him of his defense that the deceased accidentally killed himself. At the hearing on his motion, however, the defendant admitted that the officers had nothing to do with obtaining his confession, and that he first confessed to his wife and a Reverend Altpeter, a brother-in-law of the deceased. That his confession was voluntarily and freely made is substantiated by other witnesses.

To sustain his charge that his plea of guilty had been induced by misrepresentation on the part of the prosecuting officers, defendant testified that an assistant State's Attorney told him that if he would plead guilty and throw himself on the mercy of the court he would not need a lawyer and they would see that he did not get the electric chair. The defendant admitted at the hearing that one lawyer had called on him at the jail but was not retained because defendant had no money with which to hire an attorney.

When he was arraigned the court gave him further time in which to obtain counsel, before accepting his plea to the indictment. The evidence on behalf of the People discloses that an attorney advised with the defendant just before he entered his plea of guilty and was told by defendant that he did not care to put his family to any further expense on his behalf. The record also affirmatively discloses that the court fully advised defendant of the consequences of his plea of guilty and also advised him of his right to a trial by jury and to the appointment of counsel by the court to assist in his defense. The only facts not known to the court at the time of the rendition of judgment against the defendant were the defendant's present claims that the de-deceased had accidentally killed himself and that an assistant State's Attorney had advised him that he did not need an attorney to defend him.

From the facts and circumstances brought out at the hearing it is evident that the defendant had ample opportunity to advise the court of his situation, and no one was at fault but himself if he failed to do so. A person may not avail himself of the remedy of a writ of error *coram nobis* unless he shows that through no fault or negligence of his own the error of fact was not made to appear to the trial court. (*Hawks* v. *People,* 398 Ill. 281; *People* v. *Bruno,* 346 Ill. 449.) The defendant has not established by the greater weight of the evidence that through no fault on his part he has been deprived of a defense which could have been used at the trial, and which if known to the court would have prevented the rendition of the judgment.

In order to toll the five-years' limitation provided by the statute, the defendant asserts that he became mentally incompetent soon after he was committed to the penitentiary. The evidence shows that his mental disturbance was of short duration. He was in the mental hospital approximately five months, while during the next seven years he

was confined to the regular prison at Joliet the same as any other prisoner. He also claims that due to rules in force at the prison he was unable to present his case to the court because he was without funds with which to employ counsel. No claim is made that defendant was under any disability at the time judgment was entered on his plea of guilty, and the record of his conviction shows that his plea of guilty was not accepted until the defendant fully understood the consequences of his plea, as well as his rights to a trial by jury and to the appointment of counsel for his defense.

In *People* v. *Rave,* 392 Ill. 435, we held that the serving of the sentence by the defendant subsequent to the passing of the judgment would not stop the running of the statute, provided the defendant was not under duress at the time of passing judgment. We also held that it is a matter of common knowledge that writs of error and other writs have from time to time been filed on behalf of persons who are serving life sentences in the penitentiary. Even if the defendant had been able to prove the existence of errors of fact which, had such facts been known to the court, would have prevented the rendition of judgment against him, we hold that the five-years' limitation provided by section 72 of the Civil Practice Act is a bar to his motion in the nature of a writ of error *coram nobis.* *People* v. *Touhy,* 397 Ill. 19; *People* v. *Rave,* 392 Ill. 435.

The judgment of the circuit court of Peoria County is accordingly affirmed.

*Judgment affirmed.*

Mr. JUSTICE DAILY took no part in the consideration or decision of this case.