(No. 35497.—

JOAN ELEANOR BROCKMEYER *et al.,* Appellees, *vs.* CARLA DUNCAN *et al.*—(RICHARD E. MAUER *et al.,* Appellants.)

*Opinion filed January 22, 1960—Rehearing denied March 28, 1960.*

LOMMEN D. ELEY, of Chicago, for appellants.

RATHJE, KULP, SABEL & SULLIVAN, of Chicago, (JOSEPH J. SULLIVAN, JR., of counsel,) for appellees.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

On May 26, 1959, Richard E. Mauer and Katherine T. Mauer, his wife, filed a verified petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 72,) in certain partition proceedings in the circuit court of Cook County. The petition prays that the purchaser at the partition sale be found to hold the property as trustee for petitioners and for the plaintiff in the partition suit, in the same proportions as stated in the decree of partition entered December 19, 1958. On motion of the plaintiff and the purchaser at the sale, the petition was dismissed. Petitioners appeal directly to this court, a freehold being involved.

The facts as alleged in the petition show that on October 21, 1958, Joan Eleanor Brockmeyer filed her complaint for partition against Carla Duncan and others; that after being served by publication and mailing, all defendants were defaulted; and that by the decree for partition plaintiff was found to be the owner of 2/3 of parcel 1 and 17/24 of parcel 2, with the defendant Carla Duncan owning the remaining 1/3 of parcel 1 and the remaining 7/24 of parcel 2. A commissioner was appointed who thereafter

reported that the premises were not susceptible of division, appraising parcel 1 at $4,500 and parcel 2 at $8,000. A decree of sale was entered on December 23, 1958, under which the successful bidder was authorized to take credit for sums necessary to redeem and pay unpaid taxes and special assessments; and at the sale, held on December 29, Janet Weaver bid the sum of $3,000 for parcel 1 and $5,334 for parcel 2. The master's report of sale was filed and approved on December 31.

On February 17, 1959, he filed his report of distribution showing unpaid taxes and special assessments on parcel 1 in the amount of $2,318.50 and on parcel 2 in the amount of $6,040.46, leaving cash due from the bidder in the sum of $681.50 on parcel 1 and nothing on parcel 2. He proposed to distribute the $681.50 as follows: for master's fees and expenses $225.86, for commissioner's fees $150, and for plaintiff's costs, expenses and attorney's fees the remainder in the amount of $305.64. On the same day an order was entered approving the master's report of distribution and directing him to proceed with the distribution.

The present petition further alleges that by deed dated November 20, 1958, and recorded December 11, 1958, petitioners acquired the interest of defendant Carla Duncan in the premises; that at the time of the partition sale the premises were worth substantially in excess of $12,500; that on information and belief Janet Weaver, the purchaser at the sale, was a nominee for the plaintiff and not a *bona fide* purchaser for value, and that the conduct of the plaintiff constitutes a fraud upon the petitioners.

No facts are alleged to show petitioners were free of negligence in failing to appear or make timely objection to the sale. It is undisputed that defendant Carla Duncan was served with process by publication and that petitioners had constructive notice of the proceedings. Indeed, it appears they had actual knowledge thereof, for they argue

that they relied upon plaintiff's offer in the partition complaint "to do equity as the Court may require."

Section 72 of the Civil Practice Act, which substitutes a simple remedy by petition for various forms of postjudgment relief theretofore available, enables a party to bring before the court rendering a judgment matters of fact not appearing in the record which, if known to the court at the time the judgment was entered, would have prevented its rendition; and proceedings thereunder are governed by rules and principles heretofore announced by this court. *Glenn* v. *People,* 9 Ill.2d 335.

A trial court cannot review its own order or judgment and correct the same, either as to any question of fact found or decided by the court or as to any question of law decided by it after the expiration of thirty days. (See *Chapman* v. *North American Life Ins. Co.* 292 Ill. 179.) A petition under section 72 of the Civil Practice Act is therefore the filing of a new action; and it is necessary, as in any civil case, that the petitioner allege and prove a right to the relief sought. Where the petition fails to state a cause of action or shows on its face that the petitioner is not entitled to the relief sought, it is subject to a motion to dismiss. (*Glenn* v. *People,* 9 Ill.2d 335.) Assuming that the present petition alleges facts which would otherwise justify the granting of relief, the absence of any excuse for not asserting them in apt time must preclude it. The rule is well established that a person may not avail himself of the present remedy unless he shows that through no fault or negligence of his own, the error of fact or the existence of a valid defense was not made to appear to the trial court. (*Guth* v. *People,* 402 Ill. 286; *Greene* v. *People,* 402 Ill. 224.) Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence. *McCord* v. *Briggs & Turivas,* 338 Ill. 158; *Cramer* v. *Illinois Commercial Men's Ass'n,* 260 Ill. 516.

From the facts in this case it is evident that petitioners had ample opportunity to object to the master's report, or to advise the court of the alleged situation within 30 days after the order was entered approving it; and no one was at fault but themselves if they failed to do so. With knowledge of the alleged facts upon which the present petition is based they delayed taking any action within the period allowed by law for the trial court to correct its own order, and no attempt has been made to excuse the delay. Under such circumstances no grounds have been shown entitling them to relief. *Schoknecht* v. *Prassas,* 320 Ill. 423.

The circuit court was correct in dismissing the petition, and its order is accordingly affirmed.

*Order affirmed.*