446

CANDICE G. JORDAN, Plaintiff-Appellant, *v.* JEFFERY DENNIS WESLEY, Defendant-Appellee.

First District (3rd Division)   No. 76-658

Opinion filed April 27, 1977.—Rehearing denied May 27, 1977.

Arthur S. Gombert, of Chicago (Samuel Nineberg, of counsel), for appellant.

Pritzker and Glass, Ltd., of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff appeals from an order allowing defendant's petition under section 72 of the Civil Practice Act to vacate a paternity judgment entered against him. The judgment, entered on October 6, 1975, had found defendant to be the father of plaintiff's child born out of wedlock on November 25, 1972, and ordered him to pay $115 per month for the support of the child.

The paternity complaint, filed August 26, 1975, charged that defendant was the father of the child who would be three years old in November. It further recited that defendant had acknowledged said child to be his, and

that he had voluntarily sent money to plaintiff, including the previous month, for the support of said child.

Defendant was served with summons and the matter came up for hearing on September 25, 1975. Defendant appeared without counsel. The trial court admonished him of his right to counsel, of his right to a jury trial, and to a blood test. Defendant stated that he did not wish to have counsel, and specifically waived his right to a jury trial and to a blood test. The court also admonished defendant that he had the right to plead the statute of limitations. The record reveals that defendant in reply stated that he had signed a paper at the hospital, and the record also contains a statement by plaintiff's counsel that defendant had acknowledged the child was his. The record does not indicate that defendant waived the right to plead the statute of limitations. As the judge sought to learn how defendant wished to plead in the matter, at one point the defendant stated that he did not think the child was his. Shortly after that statement, the defendant twice responded affirmatively to inquiries as to whether he was the father of the child. Thereafter, it was brought out that defendant was employed at the Midwest Stock Exchange at a salary of $936 per month, and that defendant had listed the child as his beneficiary on a government insurance policy. The trial judge entered the judgment finding him to be the father of the child and ordering him to pay $115 per month for support.

The defendant complied with that order for the months of October, November, and December. When he refused to pay in January 1976, plaintiff on February 18, 1976, petitioned the court for a rule to show cause. In response to that petition for a rule, defendant, through counsel, was given 14 days to plead. On March 18, 1976, defendant filed a section 72 petition to vacate the judgment of October 6, 1975. Attached to the petition was an affidavit executed by defendant which in pertinent part stated as follows: that he did not understand the meaning of the term "Statute of Limitations"; that he was not the father of the child; that he accommodated the plaintiff in the acknowledgement of paternity on the birth certificate as a gesture of good will and friendship to plaintiff; that he did not understand the nature of the court proceedings, was not represented by counsel, and did not intend to acknowledge paternity of said child. Neither the section 72 petition nor the accompanying affidavit made any reference to diligence. Without hearing any testimony, the court, on March 18, 1976, allowed defendant's petition and vacated the judgment.

■■ In *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 236 N.E.2d 719, the supreme court set forth at page 467 succinctly and clearly the nature of the showing required of litigants who seek to avail themselves of section 72 relief:

"Section 72 of the Civil Practice Act substitutes a simple remedy by petition for various forms of post-trial relief and enables a party to bring before the court rendering a judgment matters of fact which, if known to the court at the time judgment was entered, would have prevented its rendition. (*Brockmeyer v. Duncan*, 18 Ill. 2d 502, *Glenn v. People*, 9 Ill. 2d 335.) However, a party may not avail himself of the remedy provided by section 72 'unless he shows that through no fault or negligence of his own, the error of fact was not made to appear to the trial court. [Citations.] Such a motion or petition is not intended to relieve a party from the consequences of his own mistake or negligence.' (*Brockmeyer v. Duncan*, 18 Ill. 2d 502, 505.) The burden is upon the petitioner under section 72 to allege and prove the facts justifying relief."

If more than 30 days has elapsed after entry of a judgment, the movant, despite the equitable nature of section 72, must show a reasonable excuse for failure to file the motion within 30 days. *Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.

■■ Defendant was not entitled to section 72 relief. He failed to demonstrate that he was free from any fault or mistake in the entry of judgment, nor did he exhibit or even suggest any diligence in seeking that relief. Defendant was present when the judgment was entered. He was admonished as to his right to counsel and to a jury trial. While he did state at one point in the proceedings that he was not the father of the child, he subsequently twice stated that he was the father. It is clear that defendant understood the provisions of the judgment. Indeed, he complied with its mandate for three months. Yet he did not file his section 72 petition until some five months after the entry of the paternity judgment, and acted then only in response to plaintiff's petition for a rule to show cause. The trial court erred in granting defendant's section 72 petition to vacate the judgment.

For the foregoing reasons, the order of the circuit court of Cook County is reversed.

Order reversed.

SIMON, P. J., and McGILLICUDDY, J., concur.