THE REUBEN H. DONNELLEY CORPORATION, Plaintiff-Appellant, *v.*
JOSEPH S. THOMAS, Indiv. and d/b/a National Security Systems,
Defendant-Appellee.

First District (4th Division)    No. 78-2119

Opinion filed December 20, 1979.

Joel A. Haber and Alvin D. Meyers, both of Chatz, Sugarman, Abrams, Haber & Fagel, of Chicago, for appellant.

John W. Washington, of Chicago, for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Reuben H. Donnelley Corporation, obtained a default judgment against defendant, Joseph S. Thomas, and thereafter defendant filed a section 72 petition to vacate the judgment. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) This petition was granted on August 4, 1978, and plaintiff appeals. The issues presented for review by plaintiff are whether the trial court abused its discretion in granting the petition and whether the court erred in not allowing plaintiff to answer defendant's petition and to have an evidentiary hearing thereon.

On July 3, 1973, defendant, doing business as National Security Systems, entered into a contract with plaintiff to purchase an advertisement in the January 1, 1974, issue of the Chicago yellow pages telephone directory. The contract stated that the advertisement would continue at the same rate in subsequent issues unless cancelled by defendant 75 days prior to the date of publication. If defendant ceased to conduct the business referred to, the entire amount to be paid for the advertisement in the current issue would be due and payable, and directory representation would be omitted from subsequent issues. The contract also contained an integration clause stating that the agreement did not include any representation not incorporated in the contract in writing. Soon thereafter, and more than 75 days before publication, defendant inquired of plaintiff as to its policy concerning billing for advertising in cases where the telephone is disconnected. Plaintiff replied in a letter stating the general policy was to discontinue billing for such advertising from the date the telephone was disconnected where the advertiser had completely gone out of business and no referral of calls was made. However, the letter stated that this policy could be modified or become inapplicable where the advertiser or an affiliated person or company continued to do business in the same or related type of trade or industry in the same general market area, and plaintiff would determine at

its discretion whether a write-off for directory advertising would be made.

On January 21, 1974, 3 weeks after the publication date, defendant cancelled his advertisement in a letter stating he was "no longer in business" and would have his telephone number changed immediately. On January 25, 1974, plaintiff wrote defendant a letter stating that his advertisement would be cancelled for the January 1975 issue. Plaintiff also sent defendant a "cancellation acknowledgment" giving the same information.

On January 27, 1977, plaintiff filed suit against defendant for $2,898.50, the balance due from the time of cancellation until the end of 1974. Defendant failed to file an answer to the complaint, and on February 17, 1977, the court entered a default judgment in the amount of $2,898.50 plus costs.

Defendant filed a section 72 petition on February 8, 1978, and filed an amended petition on May 2, 1978. In his amended petition defendant alleged that at the time of the default judgment he was in Federal court defending himself in a criminal matter and was incarcerated 5 days later. He alleged that 5 days was insufficient time to effectively protect his rights and further alleged that, even while incarcerated, he attempted to protect his rights through the efforts of his partner who was in contact with plaintiff's attorneys.

Defendant further alleged that after being paroled on October 14, 1977, he required 1 month to adjust himself to civilian life and gain employment. He then telephoned plaintiff's attorneys and was told to be in court on December 15, 1977. At that time he was told that the only thing he could do was to file a section 72 petition. He sought legal representation, and his attorney attempted to file his petition on January 27, 1977. However, because of a procedural error it was not filed until February 8, 1978.

Defendant alleged in the petition that he had a meritorious defense because (1) the contract upon which plaintiff's suit was based could be cancelled if he went out of business as plaintiff indicated in its letter in September of 1973, and (2) he, in fact, cancelled the contract as evidenced by his own letter and the acknowledgment by plaintiff. Attached to the section 72 petition were exhibits which indicated that, at the time he cancelled his directory service, he was doing business at the same address as that listed in his advertisement under the name of the Triangle Service Company. However, the telephone number was not the same as in the advertisement. There was no allegation as to what the business of Triangle Service Company was, but at the hearing on the petition defense counsel indicated it was wholly unrelated to the business advertised in the directory.

Plaintiff's "response" to the amended section 72 petition alleged that defendant had not shown diligence because he knew the judgment had been entered on February 17, 1977, but filed no petition to vacate until almost a year later. Plaintiff also alleged that defendant did not have a meritorious defense because the notice acknowledging cancellation was for the 1975 classified directory and did not relate to any charges due for 1974. Plaintiff also alleged that defendant's exhibits show that he was still doing business at the same address listed in his advertisement, and therefore he did not qualify for the cancellation of charges.

At a hearing on August 4, 1978, the court heard arguments and concluded that it was up to the trier of fact to determine whether defendant had gone into the same or related type of business in the general market area after cancelling his advertisement. The court indicated it was concerned as to what the policy of the plaintiff was with respect to the cancellation of agreements, and the court vacated the default judgment.

Defendant filed an answer to the underlying complaint on August 29, 1978, setting forth as an affirmative defense plaintiff's policy of cancellation where the applicant goes out of business. Defendant alleged that he was not in the advertised business, no referral calls were made, and neither he nor an affiliated person continued to do a similar type of business in the same market area.

Also on August 29, 1978, plaintiff filed a motion to set aside the order vacating the judgment. It alleged its previous response was in the nature of a motion to strike and argued with particularity that defendant's defense was legally insufficient to prevail at trial. Plaintiff also argued that on August 4, 1978, the court erred in not giving it leave to file an answer to the amended petition and not setting the matter for hearing.

On September 29, 1978, plaintiff's motion to vacate the order of August 4, 1978, was denied. Plaintiff's alternative motion for leave to answer the amended petition and have an evidentiary hearing was also denied with the notation that it was not timely made. On October 24, 1978, plaintiff filed a notice of appeal from the order of August 4, 1978, and from the order of September 29, 1978.

Plaintiff first contends that defendant failed to show due diligence. Plaintiff specifically argues that defendant did not offer sufficient explanation for his failure to answer prior to the date of the default judgment or provide sufficient excuse for his failure to file his section 72 petition until almost a year after judgment. Plaintiff asserts that defendant's incarceration was not sufficient excuse, arguing that if he could contact his partner about the matter, then he was also able to contact an attorney.

■■ ■ Because a section 72 petition is addressed to their equitable

powers, courts have not considered themselves strictly bound by precedent, and where justice and fairness may require it a judgment may be vacated even though the requirement of due diligence has not been satisfied. (*Resto v. Walker* (1978), 66 Ill. App. 3d 733, 739-40, 383 N.E.2d 1361; *Manny Cab Co. v. McNeil Teaming Co.* (1975), 28 Ill. App. 3d 1014, 1019, 329 N.E.2d 386; *George F. Mueller & Sons, Inc. v. Ostrowski* (1974), 19 Ill. App. 3d 973, 979, 313 N.E.2d 684.) In this case the pleadings suggest that defendant knew of the entry of the default judgment shortly after it was entered, but it is well settled that a reviewing court will not reverse a decision of the trial court unless the court's findings constitute an abuse of discretion (*Manny Cab Co. v. McNeil Teaming Co.* (1975), 28 Ill. App. 3d 1014, 329 N.E.2d 386.) We do not find an abuse of discretion in this case.

Plaintiff also contends that defendant does not have a meritorious defense because he does not cite provisions in the contract which give him the right to avoid payment for the published directory advertisement. Plaintiff argues in some detail that the letters exchanged between defendant and plaintiff were not legally sufficient to cancel the contract and argues that such a defense to its original complaint would necessarily fail. However, plaintiff's contentions misconstrue the nature of a section 72 petition, the purpose of which is to determine the propriety of vacating the prior judgment and is not concerned with litigating the merits of the underlying complaint.

■■ It is well settled that a petition under section 72 is the filing of a new action and as such it is necessary that the petitioner allege and prove a right to the relief sought; the burden is upon the petitioner to allege and prove the facts justifying relief. The allegations of the petition, even though verified, must be proved by a preponderance of the evidence. If the respondent answers the petition, thus raising issues for the determination of the trial court, the petitioner has the burden of proving his case by the required quantum of competent evidence. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294; *Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 467, 236 N.E.2d 719; *Fennema v. Vander Aa* (1969), 42 Ill. 2d 309, 310, 247 N.E.2d 409; 55 Ill. B.J. 820, 821 (1967).) In *Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 873-74, 335 N.E.2d 116, the court made clear that the facts which must be alleged and proved are not those which form the basis for the original action, but those which allegedly entitle the petitioner to have the judgment vacated. Thus, the facts which must be proved are not the facts which would show success in the underlying action, and the allegations in defendant's petition must merely be sufficient to support an order vacating the default judgment. (*M.L.C. Corp. v. Pallas* (1978), 59 Ill. App. 3d 504, 510, 375 N.E.2d 560.) In this case defendant alleged that plaintiff's letter setting forth its general policy together with his letter of cancellation were

sufficient to modify the contract, and defendant has shown the existence of such correspondence. Defendant has therefore carried his burden of proof. It is not the trial court's responsibility to determine the merits of the underlying cause of action.

■ Plaintiff also contends that its response to defendant's section 72 petition was in the nature of a motion to strike, and it was denied the right to answer defendant's petition and have an evidentiary hearing. Where a motion to dismiss a section 72 petition is made, the court must first rule on the motion, and if denied, should allow the movant an opportunity to answer the petition (*Castle v. Sterling Savings & Loan Association* (1971), 2 Ill. App. 3d 1074, 1077, 278 N.E.2d 185.) In *Mercantile All-In-One Loans, Inc. v. Menna* (1978), 63 Ill. App. 3d 931, 938, 380 N.E.2d 944, the court stated:

"It has been repeatedly held that where the central facts of a section 72 petition are controverted, a full and orderly evidentiary hearing must be held by the court."

Also see *McKinnon v. Yellow Cab Co.* (1975), 31 Ill. App. 3d 316, 317, 333 N.E.2d 659; *In re Estate of Wayne* (1971), 133 Ill. App. 2d 565, 567-68, 273 N.E.2d 720.

In this case plaintiff apparently did not allege that its "response" to defendant's petition was a motion to strike until after the court rendered its judgment in favor of defendant. Plaintiff thereafter filed a motion to vacate the order granting the section 72 petition alleging, in even greater particularity than in its response, the legal insufficiency of defendant's defense to the underlying complaint. A review of plaintiff's response to the amended petition and the hearing on the petition indicates that plaintiff had an opportunity to challenge the facts upon which defendant based his allegations but did not do so and merely argued their insufficiency as a defense in the underlying litigation. We reiterate that this represents a misapprehension of the nature of a section 72 petition, and hold that plaintiff's contention is without merit.

Although we have decided this case on its merits, we are aware of the recent Fourth District case of *City Auto Paint & Supply, Inc. v. Brandis* (1979), 73 Ill. App. 3d 863, 866, 392 N.E.2d 703, which, if followed, would arguably require us to dismiss the appeal. In *Brandis*, the court denied a section 72 petition and within 30 days defendant filed a motion for a rehearing seeking a reconsideration of his motion to vacate. That motion was denied and defendant filed a notice of appeal within 30 days of the denial, but more than 30 days after his section 72 petition was denied. The court found that Supreme Court Rule 303(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 303(a)), which provides that the time for appeal is tolled if a timely post-trial motion is filed, is not applicable to a section 72 proceeding and held that the notice of appeal had been filed too late.

■■ We do not believe the rationale of that case is persuasive. Although a party may not avoid a 30-day limit on filing a notice of appeal by filing successive and repetitious motions (*Deckard v. Joiner* (1970), 44 Ill. 2d 412, 255 N.E.2d 900), there is no reason for the concern expressed in *Brandis* that a timely post-trial motion after a determination of a section 72 petition will result in an endless succession of motions. Moreover, the same procedure rules apply to section 72 proceedings as to any other civil action. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 505, 165 N.E.2d 294; *Carroll & Neiman, Inc. v. Silverman* (1975), 28 Ill. App. 3d 289, 290-91, 328 N.E.2d 205.) In this case, plaintiff moved to vacate the order granting the section 72 petition. This motion cannot be characterized as a successive or repetitious motion, because it was the first such motion filed by plaintiff during the course of the litigation, and there is no policy reason for not allowing it.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P. J., and ROMITI, J., concur.