BENJAMIN GELLER, Indiv. and d/b/a Ben Geller Chevrolet, Inc., Plaintiff-Appellee, v. GENERAL MOTORS CORPORATION, Defendant-Appellant.

First District (5th Division)    No. 79-1117

Opinion filed August 22, 1980.

Daniel W. Vittum, Jr., and Donald W. Rupert, both of Kirkland & Ellis, of Chicago, and Otis M. Smith and Burton L. Ansell, both of General Motors Corporation, of Detroit, Michigan, for appellant.

William S. Wigoda, of Chicago, for appellee.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant appeals from the granting of plaintiff's section 72 petition (Ill. Rev. Stat. 1977, ch. 110, par. 72) to reinstate his cause of action. Defendant contends that the petition was insufficient as a matter of law and that the earlier order dismissing plaintiff's cause was correct. We affirm.

Plaintiff brought suit against defendant on January 26, 1976, the merits of which are not at issue here. Certain discovery was undertaken and the case eventually appeared on the call of nonjury cases by the Assignment Section of the Law Division on January 10, 1979, at 2 p.m.[1] Plaintiff failed to

---

[1] The circuit court is organized into divisions, and the Law Division into sections designated: Motion; Pretrial; Assignment; Jury; Non-jury; Extraordinary Remedies; Tax; and Land Title. (General Order No. 1-2.1, Circuit Court of Cook County.)

appear, and the case was dismissed for want of prosecution. The court call appeared in the Chicago Daily Law Bulletin issue of January 9, 1979, and the dismissal in the January 12, 1979, issue. A postcard notice of dismissal for want of prosecution sent to plaintiff's attorney by the court clerk was returned undelivered because of the attorney's change of office address, which did not appear of record.

On February 16, 1979, plaintiff filed a written motion to reinstate the case pursuant to section 50(5) of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 50(5)) but withdrew it when defendant objected that it was untimely. Plaintiff then filed a section 72 petition, which was denied with leave to file an amended petition.

In his amended section 72 petition, plaintiff alleged that (1) his failure to appear and the resulting dismissal was not caused by negligence of counsel but by mere inadvertence; (2) after not seeing the case on the trial call, plaintiff's counsel made a routine inspection of his litigation files and determined that the case had been dismissed; (3) plaintiff's counsel never received notice that the case had been dismissed; (4) there had been no lack of due diligence in pursuing the matter or in moving to vacate the dismissal and that any tardiness was due to excusable mistake; and (5) plaintiff has a meritorious cause of action. In an accompanying affidavit, plaintiff's attorney stated that he was out of town for personal reasons on January 10, 1979; that he was aware that the matter was to appear on the trial call at about that date and he had been following it; that he missed the case through inadvertence and not negligence; that he learned of the dismissal on about February 5, 1979, through a check of his files which was prompted by his concern over not seeing the case appear on the trial call; that severe family problems and lease problems were further reasons for his missing the call; that severely inclement weather in January 1979 prevented him from reviewing his files within term time; that he had been actively preparing for trial in this case; that in his opinion plaintiff has a meritorious claim; and that a refiling would prejudice plaintiff because of his advanced age.

Defendant filed an answer to the amended petition supported by affidavits of its attorneys which, *inter alia*, admitted that the case was dismissed for want of prosecution but denied that the dismissal was for failure of counsel to appear and alleged that the case was dismissed after the court was advised by counsel for defendant that plaintiff had taken no action in the case for over 1½ years, and also that plaintiff had not been diligent in prosecuting the action and in presenting the petition.

The trial court granted the amended petition on April 18, 1979, vacated the January 10 order of dismissal, and reinstated plaintiff's action. Defendant appeals from that order.

OPINION

■■ Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 72) provides a procedure to vacate final orders, judgments and decrees after 30 days from their entry. The following requirements set out in *Mitchell v. Seidler* (1979), 68 Ill. App. 3d 478, 482, 386 N.E.2d 284, 286, must be shown by a petitioner before relief is granted:

"(1) the existence of a meritorious defense of claim [citations];

(2) due diligence in presenting this defense or claim in the original action [citation];

(3) that through no fault or negligence of his own an error of fact or a valid defense or claim was not made to appear to the trial court at the time the challenged judgment, order or decree was entered [citation]; and

(4) due diligence in filing the petition for section 72 relief. [Citations.]

The petitioner must set forth specific factual allegations supporting each of the above elements [citations] and must prove his right to the relief sought by a preponderance of the evidence [citation]."

A section 72 petition is addressed to the equitable powers of the court, and a reviewing court will interfere only where there has been an abuse of discretion. *Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 874, 335 N.E.2d 116, 119; *Resto v. Walker* (1978), 66 Ill. App. 3d 733, 739, 383 N.E.2d 1361, 1366.

Defendant contends that the trial court erred in granting plaintiff's section 72 petition because it was insufficient as a matter of law. He asserts that the petition did not allege any facts which if known would have precluded dismissal of the action, contained no factual basis to support the conclusion that a meritorious claim existed, and alleged only acts of inadvertence which are insufficient as a matter of law to warrant relief under section 72.

Defendant contends that the amended petition failed to allege facts which if proved would have entitled plaintiff to relief. He notes that it was plaintiff's duty to follow the case (*Esczuk v. Chicago Transit Authority* (1968), 39 Ill. 2d 464, 467, 236 N.E.2d 719, 721; *Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 311, 357 N.E.2d 518, 521) and that plaintiff's allegation of "mere inadvertence" was insufficient to warrant relief. (*Esczuk.*) While we recognize plaintiff's duty to follow his case and that he may be held accountable for the negligence of his counsel (*Reich v. Breed* (1979), 70 Ill. App. 3d 838, 842, 388 N.E.2d 994, 997; *Windmon v. Banks*, at 874), we do not feel that the inadvertence of plaintiff's counsel should bar relief under section 72. (*Reich v. Breed*; *Windmon v. Banks*.) Proper exercise of its section 72 powers required the trial court to consider all the circumstances

set forth in the petition. (*Reich v. Breed,* at 842-43; *Resto v. Walker,* at 740.) Plaintiff's attorney was out of town at the time of dismissal and failed to answer the call. He additionally stated that lease problems, family problems and inclement weather were additional reasons for his failure to appear. Whatever the reason for the omission, we find it to be an excusable mistake. *Reich v. Breed.*

> "Because a section 72 petition is addressed to their equitable powers, courts have not considered themselves strictly bound by precedent, and where justice and fairness may require it a judgment may be vacated even though the requirement of due diligence has not been satisfied." *Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 729-30, 398 N.E.2d 972, 975.

■■ Although plaintiff admittedly was in error for failing to follow the case, under the circumstances of this case, reinstatement of the case was a just result and it is reasonable to require defendant to go to trial on the merits. (*Reich v. Breed,* at 843.) The length of the delay between the dismissal and plaintiff's discovery of the fact was about 35 days, unlike the 18-month delay in *Esczuk v. Chicago Transit Authority.* Defendant would not be prejudiced by this delay as he would be by the lengthy delay in *Esczuk.* This case involves a claim for $2,500,000 and should not be disposed of by an *ex parte* dismissal for failure to appear at the assignment call.

■■ Defendant also contends that the amended petition alleged no factual basis to support plaintiff's conclusion that he had a meritorious claim. However, a plaintiff seeking relief from an *ex parte* dismissal order is not required to allege facts showing a meritorious cause of action, since it is unnecessary to reiterate the contentions contained in the complaint. (*Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 874, 335 N.E.2d 116, 119.) In addition, the attorney's opinion contained in the affidavit expresses the fact that plaintiff has a meritorious claim. (*Windmon v. Banks,* at 874.) We therefore find this contention to be without merit.

Defendant also contends that plaintiff failed to show diligence in pursuing the claim prior to dismissal and that the dismissal order was an appropriate remedy for plaintiff's prolonged inactivity and lack of diligence in pursuing the claim. Defendant notes that after the filing of the complaint and some initial discovery, plaintiff did not initiate further discovery for over 2½ years, did not comply with defendant's discovery requests for over two years, and did not file a single document with the court for over two years. Defendant maintains that plaintiff's failure to allege facts to show his diligence prior to the dismissal is sufficient reason in itself to reverse the order of reinstatement.

In his affidavit, plaintiff's attorney stated that he had been diligent in preparing for trial by interviewing plaintiff, witnesses and experts, and researching the area involved. He also stated that the outstanding discovery

requests were minimal. He contends that defendant's characterization of his trial preparation should be disregarded and asks rhetorically if he had answered "ready for trial" on January 10 would defendant also have answered "ready"?

■■ The actual status of plaintiff's trial preparation is not critical in this case, since the petition does contain facts which would show his diligence in pursuing the case before trial. Neither a report of proceedings nor the order entered is included in the record on appeal. This case was not dismissed as a sanction against plaintiff initiated by defendant's motion but appears to have resulted solely for failure to answer the assignment call. Defendant's statements made at the time of dismissal concerning plaintiff's inactivity would not change the nature of the dismissal. Neither did defendant seek to have any sanctions imposed on plaintiff for his failure to comply with discovery pursuant to Supreme Court Rule 219 (Ill. Rev. Stat. 1977, ch. 110A, par. 219) suggesting that it did not consider plaintiff's "inaction" serious. In any event defendant should not be able to justify the dismissal for want of prosecution because of an isolated failure to answer the court call upon matters not of record nor properly before the trial court and to which plaintiff had no opportunity to respond. In this respect defendant's reliance on *Bailey v. Twin City Barge & Towing Co.* (1979), 70 Ill. App. 3d 763, 388 N.E.2d 789, is misplaced. There plaintiff brought a section 72 action to have her cause of action reinstated after it had been dismissed as a sanction for failure to comply with a prior order for discovery. In affirming the dismissal, the court noted that plaintiff had not shown diligence prior to the dismissal of her action, especially in view of the fact that the action had been dismissed as a sanction for her lack of diligence, which she could not justify. In the instant case any lack of diligence on plaintiff's part prior to the dismissal was not established, nor had defendant moved for dismissal of this suit for plaintiff's alleged lack of diligence. We therefore find that plaintiff has shown sufficient diligence prior to the dismissal for the purpose of the section 72 petition. There is no dispute that plaintiff exercised due diligence in filing his section 72 petition after the order of dismissal.

■■ Plaintiff's presence to answer the call would have prevented the dismissal and defendant should not be able to avoid its alleged liability by a technical mistake on plaintiff's part. There may be times when opposing counsel's being "on his toes" (*Bailey v. Twin City Barge & Towing Co.*, at 769) properly results in the dismissal of an action, but such a result would be unfair and unjust in this case. Plaintiff's petition was sufficient and the relief properly granted. Accordingly, the order of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and WILSON, J., concur.