MUNASSER M. SAEED, Plaintiff-Appellee, *v.* BANK OF RAVENSWOOD, Trustee, *et al.*, Defendants.—(ORESTIS TSALAPATANIS *et al.*, Defendants-Appellants.)

First District (5th Division)    No. 80-1723

Opinion filed October 16, 1981.

James R. Galvin and Emmett J. Galvin, both of Flynn, Galvin & Ryan, of Chicago, for appellants.

Warren Mark and Richard L. Gerber, both of Warren Mark, P. C., of Chicago, for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff brought this negligence action to recover for personal injuries suffered in a fall on defendants' property. The complaint was dismissed with prejudice on defendants' motion for sanctions because of plaintiff's failure to comply with discovery requests. The trial court denied plaintiff's subsequent motion to vacate the dismissal but later

granted plaintiff's petition, under section 72 of the Civil Practice Act, to vacate the dismissal. Defendants appeal from this order, contending that the section 72 petition was insufficient as a matter of law and that the court abused its discretion in granting the petition. We affirm the trial court.

On April 22, 1977, plaintiff filed a complaint for damages based on injuries he sustained when he fell in defendants' apartment building. Defendant Bank of Ravenswood has title to the building, which is held in an Illinois land trust. On May 17, 1977, the Bank was dismissed from the lawsuit pursuant to its section 48 motion. (Ill. Rev. Stat. 1977, ch. 110, par. 48.) The basis for the motion was that the Bank had no right, power, or authority to manage the real estate but merely held legal title. Subsequently, plaintiff was granted leave to amend his complaint to add Orestis and Anna Tsalapatanis, the beneficial owners, as party defendants.

Both sides had served and answered interrogatories by October of 1977. Plaintiff's deposition was rescheduled, at his attorney's request, several times from November 1977 through November of 1978. On November 24, 1978, plaintiff's attorney informed defendants' attorney that plaintiff had left the country and that he was unsure when his client would return. The attorneys agreed to reset plaintiff's deposition for May 9, 1979.

On May 7, 1979, plaintiff's counsel asked for another continuance because his client was still out of the country. Defendants' attorney agreed to the continuance as long as plaintiff's attorney informed him of a new date no later than May 11, 1979. By May 30, 1979, however, the deposition had not been re-scheduled and defendants' attorney moved to dismiss the action.

The hearing on defendants' motion to dismiss was set for June 21, 1979, but was subsequently continued to July 9, 1979.

On July 9, 1979, the court entered an order stating that "plaintiff shall be present for deposition on August 31, 1979" at defendants' attorney's office and that "failure of plaintiff to comply with this order shall result in the automatic dismissal of his cause with prejudice."

Plaintiff, who was still in Arabia, failed to appear for the August 31 deposition. Thereafter, defendants filed a motion to dismiss the complaint with prejudice. On September 19, 1979, the court granted the motion.

On October 12, 1979, the court considered plaintiff's motion to vacate the dismissal order. Plaintiff's counsel advised the court that plaintiff was still in Crater Aden, Arabia, tending to family problems and fully intended to return within 60 days to prosecute his case. The trial court denied the motion, however, stating that no new evidence had been presented that would warrant vacation of the order.

Plaintiff returned to this country in late December of 1979 or early January. On February 11, 1980, he filed a section 72 petition seeking relief from the dismissal of his complaint. (Ill. Rev. Stat. 1979, ch. 110, par. 72.) Defendants were granted leave to respond and on March 5, 1980, they filed a motion to dismiss the petition as being insufficient in fact and in law.

On May 15, 1980, after a hearing, the trial court granted plaintiff's section 72 petition and vacated the prior dismissal order. Defendants appeal from the May 15, 1980, order.

OPINION

Defendants' argument is threefold: (1) The trial court lacked jurisdiction over plaintiff's section 72 petition; (2) the petition itself is inadequate as a matter of law because it fails to allege the necessary factual matters giving rise to plaintiff's claim for relief; (3) plaintiff's reinstated tort action is barred under the principles of *res judicata* because the September 19, 1979 dismissal order, as a sanction for failure to comply with discovery (Supreme Court Rule 219(c)), operated as an adjudication on the merits under Supreme Court Rule 273 (Ill. Rev. Stat. 1979, ch. 110A, pars. 219(c), 273). We reject all three contentions.

I

Defendants' jurisdictional argument is based on the rule that the trial court loses the authority to reinstate an action or amend or vacate its final orders after 30 days from the entry of such order. (Ill. Rev. Stat. 1979, ch. 110, par. 68.3; *Green v. Wilmot Mountain, Inc.* (1980), 92 Ill. App. 3d 176, 415 N.E.2d 1076.) Defendants contend that because the section 72 petition is legally insufficient, it could not confer jurisdiction on the court to reconsider its September 19 dismissal order. Therefore, the May 5, 1980, order is void, and the dismissal order must stand. They further argue that plaintiff's proper course of action following the denial of his October 12, 1979, motion to vacate the dismissal would have been to take an appeal from that order.

This theory, we believe, misapprehends the jurisdictional issue. A section 72 petition is considered to be the filing of a new action and is subject to the usual rules governing civil cases. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294.) Here, there is no question that defendants were served with proper notice or that the court lacked subject matter jurisdiction. The real question is whether a section 72 petition alleges a cause of action or sufficient facts to demonstrate the petitioner's right to relief. If not, the trial court should dismiss the petition (*Brockmeyer*), and its failure to do so would presumably be an abuse of discretion. Conversely, if the petition is legally sufficient, the trial court

has discretionary power to grant the requested relief, and generally will do so unless, for example, the petitioner fails to establish due diligence. See *American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 644, 400 N.E.2d 102, 107 (although petitioner stated a meritorious defense, he failed to allege facts showing his diligence in both defending the cause and filing the section 72 petition); but *cf. Reuben H. Donnelley Corp. v. Thomas* (1979), 79 Ill. App. 3d 726, 729-30, 398 N.E.2d 972, 975 (the equitable nature of section 72 relief allows courts to vacate judgments, where justice and fairness require it, "even though the requirement of due diligence has not been satisfied").

In the present case, the trial court had jurisdiction over the section 72 petition. Our review of its May 15, 1980, order granting plaintiff's relief, therefore, is limited to considering the sufficiency of the petition and determining whether the court abused its discretion in vacating its dismissal order.

## II

Section 72 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 72) permits relief, under certain circumstances, from final orders or judgments after 30 days from the date of their entry, up to two years thereafter. Relief under this section is equitable in nature and its award rests in the sound discretion of the trial court. (*Davis v. Chicago Transit Authority* (1980), 82 Ill. App. 3d 987, 403 N.E.2d 615; *Geller v. General Motors Corp.* (1980), 87 Ill. App. 3d 972, 410 N.E.2d 262.) Generally, a legally sufficient petition must demonstrate the existence of a meritorious claim or defense and the petitioner's "due diligence" in pursuing his right to relief. (*Windmon v. Banks* (1975), 31 Ill. App. 3d 870, 335 N.E.2d 116.) The general purpose of a section 72 petition is to bring before the court matters not appearing on record which, if known to the court at the time the original judgment was entered, would have prevented its entry. (*Brockmeyer v. Duncan* (1960), 18 Ill. 2d 502, 165 N.E.2d 294; *American Reserve Corp. v. Holland* (1980), 80 Ill. App. 3d 638, 400 N.E.2d 102.) It has been noted that these "new facts," extraneous to the record, must relate to matters which antedate the rendition of judgment and not those arising after the judgment is entered. *Russell v. Klein* (1974), 58 Ill. 2d 220, 317 N.E.2d 556.

Defendants' primary challenge to the legal sufficiency of the petition is that it fails to set out any factual material, in existence at the time the dismissal order was entered, that would have allowed the court to grant plaintiff relief. The only "new fact" alleged in the petition that was not before the trial court when it entered the dismissal order was plaintiff's physical presence in the United States. Defendants agree that in a general

sense plaintiff's return to Cook County is a new fact; however, they argue that it clearly arose *subsequent* to the entry of judgment. According to *Russell v. Klein* (1974), 58 Ill. 2d 220, 317 N.E.2d 556, therefore, defendants argue that plaintiff's return is not a sufficient new fact to permit section 72 relief. For support, they quote the following language from *Russell*:

> "We conclude that the clearly demonstrated intent of the statute requires us to hold that the remedy contemplated by section 72 is available for relief based on matters which antedate the rendition of the judgment and not those which arise subsequent to its rendition." 58 Ill. 2d 220, 225, 317 N.E.2d 556, 559.

Defendants' reliance on this quotation demonstrates the danger inherent in taking a statement out of context and applying it in a strictly literal sense to a different situation. The main issue in *Russell* was whether section 72 should be construed as the exclusive remedy for all types of post-judgment relief, such that the two-year limitation would likewise apply.

The plaintiff in *Russell* obtained a judgment by confession against defendants on September 23, 1966. On June 9, 1970, approximately four years later, defendants filed a motion to vacate the judgment on the grounds that it had been satisfied by a fully performed oral agreement between the parties. The motion to vacate was amended to reflect that the motion was actually for satisfaction of judgment. On March 24, 1972, the trial court granted defendants' request for relief, ruling that plaintiff's judgment had been satisfied. The appellate court reversed this judgment, however, holding that defendants' remedy was barred by the two-year limitation of section 72. This conclusion was premised on the belief that defendants' post-judgment relief, formerly provided by the writ of *audita querela*, was wholly encompassed by section 72, which expressly abolishes various common law writs and replaces them with the single statutory remedy under section 72.

On appeal, the supreme court rejected this reasoning, which would have left the judgment debtor without a remedy, and reversed the appellate court. In reviewing the history of the *audita querela* writ, the supreme court noted that it provided the judgment debtor, at common law, with a mode of relief in two situations. First, the writ could be used to obtain relief from the consequences of a judgment on account of matters arising after its rendition, as in discharge or satisfaction of the judgment. Second, the writ could be used to present to the court facts existing *prior* to judgment which the debtor was unable to assert because of the creditor's fraud. *Russell*, 58 Ill. 2d 220, 223, 317 N.E.2d 556, 558.

If the *Russell* court accepted the plaintiff's position that section 72

became the exclusive remedy for judgment debtors because it wholly replaced the writ of *audita querela*, the court would have had to apply the two-year limitation of section 72. In rejecting this result the court emphasized the equitable nature of section 72. The court then stated that the statute was meant to apply to matters which antedate a judgment rather than those which arise subsequently. We believe a fair reading of this statement, in context, is that the writ of *audita querela* is encompassed by section 72 to the extent that the relief sought pertains to matters in existence before the judgment. Where the judgment debtor seeks relief based on matters arising subsequent to judgment, however, the two-year limit of section 72 is inapplicable.[1] Thus, the supreme court concluded that the seven-year limitation embodied in the judgments act (Ill. Rev. Stat. 1971, ch. 77, par. 1 *et seq.*) should be applied to the case before it. Consequently, the judgment debtor's right to post-judgment relief was not barred by the passage of four years from the time of the original judgment to his filing of an action for relief.

■■ We believe that the *Russell* court's concern was to ensure that the equitable principles of section 72 were not controverted by a narrow construction that would result in the elimination of any relief which was formerly available under the common law writs. The pending case, however, involves a different aspect of the scope of relief under the statute. Several authorities support the approach that the factual matters in a section 72 petition should be viewed as part of the total circumstances surrounding the original judgment. Thus, reviewing courts have considered facts occurring subsequent to a judgment, such as a plaintiff's conduct in concealing the entry of a judgment or in delaying the execution on a default judgment until after 30 days from its entry. See Davis, The Scope of Section 72 of the Civil Practice Act, 55 Ill. B.J. 820, 825 (1967), citing, *e.g.*, *Bell Auto Repair & Painting Corp. v. Henderson* (1966), 73 Ill. App. 2d 234, 219 N.E.2d 642; *Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 190 N.E.2d 348; see also *Ellman v. De Ruiter* (1952), 412 Ill. 285, 106 N.E.2d 350, subsequently codified in amendment to section 72 (1955 Ill. Laws 2238, §1).

More recent support for allowing the reinstatement of plaintiff's action are cases which have slightly relaxed the "due diligence" requirement in order to achieve a just result. In *Geller v. General Motors Corp.* (1980), 87 Ill. App. 3d 972, 410 N.E.2d 362, we allowed the reinstatement of an action more than 30 days following its dismissal for want of prose-

---

[1] Under the newly enacted Code of Civil Procedure (Act of August 19, 1981, Pub. Act 82-280, 1981 Ill. Legis. Serv. 1031 (effective July 1, 1982)), reference to *audita querela* is removed from the current section 72 (which will be renumbered as section 2—1401 of the Code) and the relief formerly available under the writ is dealt with in new section 12—183, which is entitled "Release of Judgment." See 1981 Ill. Legis. Serv. 1194.

cution. We noted that although the plaintiff was "in error for failing to follow the case, under the circumstances \* \* \*, reinstatement of the case was a just result" and it was therefore reasonable to require the defendant to go to trial on the merits. *Geller*, 87 Ill. App. 3d 972, 976, 410 N.E.2d 362, 365; see also *Windmon v. Banks*; *Reich v. Breed* (1979), 70 Ill. App. 3d 838, 388 N.E.2d 994.

■■ In the pending case, plaintiff was not entirely "free of error" in the sense that, as defendants argue, he could have flown in from Arabia to give his deposition and then flown back to settle his family problems. This indeed would indicate a scrupulous attention to one's duty to follow his case. We do not believe, however, that the law exacts such measures, especially where, as here, there appears to be no real prejudice accruing to defendants. We conclude that the statutory remedy under section 72 is flexible enough to permit plaintiff, under the instant circumstances, to have his day in court.[2]

## III

As an alternative or cumulative argument, defendants suggest that because the September 19, 1979, dismissal order was imposed for failure to comply with discovery, it operated as an adjudication on the merits under Supreme Court Rule 273 (Ill. Rev. Stat. 1979, ch. 110A, par. 273). Accordingly, the reinstatement of plaintiff's action would circumvent the *res judicata* effect of such an adjudication. For support, defendants cite cases decided under section 24 of the Limitations Act, which provide that a plaintiff whose action is dismissed for one of five reasons may refile his action within one year of the dismissal order. (Ill. Rev. Stat. 1979, ch. 83, par. 24a.) If an action is dismissed for want of prosecution, for example, the plaintiff can refile within one year, even if the original statute of limitations has run prior to service of process on the defendant. (*Green v. Wilmot Mountain, Inc.* (1980), 92 Ill. App. 3d 176, 415 N.E.2d 1076.) If the dismissal is a sanction for failure to comply with discovery, however, the courts have held that the action cannot be refiled under section 24 of the Limitations Act, because such a dismissal is not one of the express categories that allow refiling. See *Keilholz v. Chicago & North Western Ry. Co.* (1974), 59 Ill. 2d 34, 319 N.E.2d 46; *Brewer v. Moore* (1978), 67 Ill. App. 3d 487, 385 N.E.2d 73.

---

[2] Our decision is not meant to excuse future litigants who may abuse section 72 relief. We reaffirm the established principles that the statute does not relieve a party of his own negligence or allow him to re-litigate matters. (*American Reserve Corp. v. Holland*.) It is not a substitute for an appeal of the merits but it is a remedy in addition to that of an appeal and both may be followed simultaneously. See Davis, *The Scope of Section 72 of the Civil Practice Act*, 55 Ill. B.J. 820 (1967); *Johnson v. Thomas* (1966), 75 Ill. App. 2d 407, 411, 221 N.E.2d 44, 46.

In *Keilholz*, the plaintiff failed to appear for a pretrial conference in violation of a previous court order and the trial court dismissed the suit for noncompliance with Supreme Court Rules 218 and 219 (Ill. Rev. Stat. 1971, ch. 110A, pars. 218, 219). The plaintiff did not appeal from this dismissal but instead filed a new action after the pertinent statute of limitations had expired. This second action was then dismissed and plaintiff appealed from that order. The Illinois Supreme Court affirmed the trial court, holding that dismissal of the original suit for noncompliance with the Supreme Court Rules barred plaintiff from refiling under section 24 of the Limitations Act because such dismissal was not, as the appellate court had held, "for want of prosecution." Instead, it was a dismissal based on grounds other than those which allow refiling under section 24.

In *Brewer v. Moore*, which defendants argue is "directly on point," the plaintiff had failed to comply with discovery requests and defendant obtained a dismissal of the cause with prejudice. When plaintiff's subsequent motion to vacate was heard, the trial court modified its own order to read that the dismissal was for "want of prosecution," thus enabling plaintiff to refile his suit. Defendant moved for dismissal of the second suit on the grounds that it was barred by the involuntary dismissal of the first action. On appeal, we held that the dismissal of the original action was caused by plaintiff's indifference to his suit and that the trial court should not have modified its order. Since the dismissal was imposed as a sanction for failure to comply with the trial court's orders, we found that the dismissal was a bar to refiling under the Limitations Act.

Defendants urge us to adopt the reasoning of *Keilholtz* and *Brewer* and hold that plaintiff's action should not be reinstated because it was dismissed for noncompliance with discovery. We are not persuaded by defendants' analogy, however; the requirements and purposes of the Limitations Act are clearly distinct from those of section 72 of the Civil Practice Act. Therefore, the cited cases are not controlling authorities in the present case.

We believe that the trial court dismissed plaintiff's action on September 19, 1979, because of plaintiff's failure to appear due to his absence from the country. The court noted that there was no way of determining when or if plaintiff would return. Subsequently, the trial court also denied the motion to vacate the dismissal order, finding that there had been no change of circumstances. When plaintiff filed his section 72 petition, however, he had returned from Arabia and was ready and able to proceed with his lawsuit. At the hearing on the petition, the trial court heard arguments of counsel and read memoranda of law before granting plaintiff's requested relief. We cannot say this was an abuse of discretion merely because the original dismissal was based on plaintiff's failure to

appear for his deposition. In effect, the dismissal order was nullified by the trial court's subsequent ruling that plaintiff stated a cause of action pursuant to section 72.

Moreover, the Illinois Supreme Court has recently emphasized that discovery should be used to ascertain the merits of the case and promote a fair resolution of the controversy. In *Williams v. A. E. Staley Manufacturing Co.* (1980), 80 Ill. App. 3d 981, 400 N.E.2d 724, *rev'd* (1981), 83 Ill. 2d 559, 416 N.E.2d 252, the supreme court affirmed the trial court's order which allowed plaintiff to reinstate his suit approximately two months following the initial dismissal of the action for failure to supply documents to defendant. The supreme court's specific ruling was based on defendant's failure to make a reasonable attempt to resolve the discovery problem before seeking judicial intervention pursuant to Supreme Court Rule 201(k) (Ill. Rev. Stat. 1979, ch. 110A, par. 201(k)), which is not an issue in the pending case. The result of the *Staley* decision, however, was to permit the reinstatement of plaintiff's action despite the possibility that the dismissal order could be viewed, technically, as an adjudication upon the merits under Supreme Court Rule 273.

■■ We conclude that plaintiff's failure to comply with the deposition order, under the circumstances, was not an unreasonable, deliberate attempt to flout the court's order or evade discovery. (See *White v. Henrotin Hospital Corp.* (1979), 78 Ill. App. 3d 1025, 398 N.E.2d 24.) In light of the plaintiff's return to the country and his diligent attempts to proceed under section 72, therefore, we hold that the trial court did not abuse its discretion in granting plaintiff's petition and denying defendant's motion to dismiss. Therefore, we affirm the trial court's order vacating its September 19, 1979, dismissal order and reinstating plaintiff's action.

Affirmed.

LORENZ and MEJDA, JJ., concur.